WINFIELD S. RUNDELL, Respondent, *v.* ALEXANDER N. BENTLEY, Appellant.

*Agreement to support an infirm person in consideration of a conveyance of her property — liability of the party making such promise, and neglecting to perform it, to one who furnishes the means of support.*

One Bentley, having received from a Mrs. George, in consideration of an agreement on his part to care for and support her during her natural life, all the real and personal property of which she was then possessed, neglected, when she was taken sick and was in a destitute condition, to provide her with necessary food, fuel and attendance according to his agreement. The weather being exceedingly cold and stormy Mrs. George applied to W. S. Rundell to aid her in procuring such things as were necessary for her comfort. Rundell not only provided necessary food and fuel, but, as Mrs. George was feeble from age and sickness, gave his personal attention to her care.

In an action brought by Rundell to recover the value of the articles furnished and for his services:

*Held*, that the evidence being sufficient to justify the jury in concluding that the defendant was informed that Rundell was furnishing the provisions and caring for Mrs. George, and that he did not object thereto, that Rundell was entitled to recover.

APPEAL by the defendant from a judgment of the Greene County Court, entered in the office of the clerk of the county of Greene on the 28th day of January, 1889, affirming a judgment in favor of the plaintiff in a court of a justice of the peace of the town of Greenville in said county.

*D. H. Daley*, for the appellant.

*Sidney Crowell*, for the respondent.

INGALLS, J.:

On the 26th of November, 1887, Mrs. Maria S. George conveyed to Alexander N. Bentley, the defendant, the real and personal property of which she was then possessed, and, as the consideration for such transfer, he agreed to care for and support her during her natural life. After such transfer the defendant appears to have provided for Mrs. George satisfactorily until about February 1, 1888. She was living in a house upon the farm which she conveyed to the defendant, and was taken sick about the 1st of February, 1888,

and was in a destitute condition owing to the omission of the defendant to provide her with necessary food, fuel and attendance according to his agreement.   The weather became exceedingly cold and stormy, and the defendant omitted to visit her, and she applied to the plaintiff in her destitution to aid her in procuring such things as were necessary for her comfort, and the plaintiff not only provided necessary food and fuel, but devoted his personal attention to her care, as she was feeble from age and sickness. . And it was for such advances and attention that the recovery was had in the Justice's Court, where the merits of the controversy were investigated thoroughly in a trial which occupied four or five days.   We have examined the evidence with care, and are satisfied that the plaintiff established a meritorious cause of action, which, in view of all the circumstances, justified the verdict which was rendered by the jury in favor of the plaintiff.   It seems very clear that the defendant omitted the performance of his agreement at a time when, considering the inclemency of the weather and the destitute condition of Mrs. George and the state of her health, he was called upon to exercise more than ordinary care and attention in administering to her necessities, and in performing the requirements of the contract on his part.   We think the jury were justified by the facts and circumstances in concluding that the defendant was informed that the plaintiff was furnishing the provisions and caring for Mrs. George at the time, and did not object thereto.   Under the circumstances, the neglect of the defendant was almost criminal.   In addition to the real and personal property which the defendant received from Mrs. George, he also received a portion of her pension money.   It was, upon the trial, insisted by the defendant that there had been a cancellation of the agreement between him and Mrs. George, by which he became released from his obligation to provide her such support and care, and much time was occupied at the trial in the investigation of that subject. We are convinced that the jury were justified in finding that such agreement was in force at the time the plaintiff furnished the provisions, and rendered the services, for which he recovered.   The case contains very many objections on the part of the defendant, all of which we have examined, and are convinced that the County Court dealt properly with them in disposing of the appeal.   Section

3063 of the Code of Civil Procedure provides : " The appellate court must render judgment according to the justice of the case, without regard to technical errors or defects, which do not affect the merits." This is a salutary provision, and, we think, peculiarly applicable to this case, and has been wisely applied by the County Court. The merits of the controversy are, in our judgment, decidedly in favor of the plaintiff, and no errors were committed at the trial which materially affected the merits, adversely to the defendant.

The judgment should, therefore, be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.