### BISHOP v. ROSIN et al.

### No. 4956.

District Court, E. D. Michigan, S. D.

Sept. 3, 1946.

John F. Jordan, of Detroit, Mich., for plaintiff.

Maxwell I. Silverstein, of Detroit, Mich., for defendants.

PICARD, District Judge.

This is an action brought by the Administratrix of the Estate of Nellie Luth Bishop, deceased, against the American Management Company, et al., to recover money paid by deceased during her lifetime to defendants for rent in excess of the legal rate permitted under OPA regulations. It comes before this court on a motion to dismiss and the only question is whether the right of action survives to the estate. It is well to note that plaintiff seeks triple damages and under decisions of the courts this particular federal statute is penal. This being true the remarks of the court in Bowles v. Farmers National Bank of Lebanon, Kentucky, 6 Cir., 147 F.2d 425, are pertinent. On page 430 of 147 F.2d it states—"Under federal law an action for penalties and forfeitures recoverable under congressional enactment does not survive, but abates with the death of the claimed violator of the statute."

We are immediately challenged, however, by the fact that this is an action brought not by the "violator" but on behalf of the person who has been wronged. Still even under this statute we find nothing in common law or by statute giving the tenant who was overcharged the right to maintain an action for exemplary damages or penalty under Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., through an administrator. Stevenson v. Stoufer, Iowa, 21 N.W.2d 287. We have been shown no Michigan statute covering the matter, but it was also held in Bowles v. Farmers National Bank, supra, that "The question of the survival of the action, which did not exist at common law and is purely the creature of congressional enactment, is not governed by state statutes of survival. In the absence of an

Act of Congress, the federal courts are entitled to apply the proper rules of federal law under their own standards."

We find no authority for plaintiff's contention and therefore defendants' motion to dismiss is granted. An order will be submitted to this court for our signature.