The plaintiff appeals from a judgment of the Passaic County Court dismissing his complaint to recover because of rental overcharges in violation of the Emergency Price Control Act.
The complaint, filed on March 5, 1948, alleges that the plaintiff rented premises at 72 Prospect street, Paterson, from Frances Hillman who demanded and received rental therefor in excess of the maximum prescribed under the Price Control Act (50 U.S.C.A. App. Sec. 901 et seq.) and that Frances Hillman died on November 4, 1947. It seeks, in separate counts, recovery of treble damages, the applicable statutory minimum of fifty dollars, and the actual overcharges from the defendants, administrators of the estate of Frances Hillman. The defendants moved to strike the complaint because plaintiff's claim was penal in nature and did not survive the death of Frances Hillman. The County Court, without opinion, entered an order on September 27, 1948, striking the complaint on the ground that it failed to "show a cause of action in favor of plaintiff against the defendants."
In Zuest v. Ingra, 134 N.J.L. 15, (E. A. 1946) the court held that an action by a tenant to recover under the Price Control Act because of rental overcharges was penal in nature. The Court of Errors and Appeals accepted the view that charging more than the prescribed maximum was made *Page 133 
a "public wrong" rather than a wrong to the individual and that the tenant's right of action was provided for by Congress as a penalty in aid of the enforcement of the Act. In Bowles v.Farmers National Bank of Lebanon, Ky., 147 F.2d 425(C.C.A. 6th, 1945) the court, after expressing the established rule that the survival or abatement of penal actions provided for by Act of Congress rests on federal law, held that the action before it to recover under the Price Control Act because of overcharges, being penal, abated upon the death of the defendant. The decisions in Porter v. Montgomery,163 F.2d 211 (C.C.A.3d, 1947) and Bishop v. Rosin,69 F. Supp. 915 (D. Mich. 1946) are of similar effect and nothing to the contrary dealing with the Price Control Act has been brought to our attention. Tyler v. Dixson, 57 A.2d 648 (D.C. Mun.App. 1948) where the court held that a tenant's action under the District of Columbia Emergency Rent Act survived the landlord's death, is not pertinent since the action thereunder had been construed to be not penal and the court rested its determination on a specific provision of the District of Columbia Code to the effect that all actions shall survive except causes for "injury to the person or to the reputation"; there is no similar statutory provision bearing on a tenant's action, construed in the Zuest case to be penal, under the Price Control Act. We consider the doctrines expressed in the Zuest
and Bowles cases to be controlling and have concluded that the appellant's claim under the Price Control Act must be deemed to have abated and to have been properly dismissed.
The appellant contends that, assuming that his claim for treble damages and the statutory minimum had abated, he, nevertheless, should be permitted to proceed with his claim for recovery of the actual overcharges. In support he asserts an alleged common law right of recovery. It is clear that but for the Price Control Act the appellant would have no color of claim, common law or otherwise, and the only proceeding by him authorized by that Act is the penal action which has abated. The appellant does not assert any "mistake of fact, or fraud, duress or extortion", [Camden v. Green *Page 134 54 N.J.L. 591, 593 (E. A. 1892)] and his complaint rests on the simple allegation, without more, that the rental payment to the landlord was in excess of that fixed by law. That payment, however, was voluntary [cf. McCrory Stores Corp. v. Braunstein,99 N.J.L. 166 (E. A. 1923)] and although its acceptance furnished support for the statutory penal proceedings set forth in the Act, it did not additionally enable a common law recovery.Cf. Detroit Edison Co. v. Wyatt Coal Co., 293 Fed. 489, 494(C.C.A. 4th, 1923) where the court invoked the common law rule that "payments knowingly and voluntarily made, in the absence of fraud, mistake, or duress, cannot be recovered back" as a ground for the denial of relief to a plaintiff who had paid more than the maximum prices fixed by the Lever Act enacted by Congress during the first World War. We are satisfied that in the case before us the trial court properly concluded that the complaint failed to set forth any cause of action apart from that, under the Price Control Act, which had abated.
The judgment of the County Court is affirmed.