7 N.J. Super. 169 (1950)
72 A.2d 397
VIRGIL J. LANNI, PLAINTIFF-APPELLANT,
v.
CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 20, 1950.
Decided April 5, 1950.
*170 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Virgil J. Lanni argued the cause pro se.
Mr. William Rubin argued the cause for respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Plaintiff appeals from a judgment entered in the Hudson County District Court dismissing his complaint on the ground that it failed to state a claim upon which relief could be granted.
The basic question argued is whether a municipality, which has received and accepted a fine paid upon a conviction for a *171 violation of its zoning ordinance, is liable on quasi contract to the person who, claiming to be aggrieved by such violation, has successfully conducted the prosecution therefor after his demand made upon the municipality for prosecution by it had been refused.
The briefs state that exhaustive search has failed to reveal any case in our State involving this question. The plaintiff relies on Sommers v. Putnam County Board of Education, 148 N.E. 682 (Ohio Sup. Ct. 1925).
In the Sommers case the statute required the school board either to provide work in high school branches within four miles of the plaintiff's residence, or to have such branches made accessible to plaintiff's children by transportation to a school wherein such high school branches are offered. The statute also authorized the board to transport children to a school where high school branches are provided. The plaintiff was the father of four children, who resided with him in the district more than four miles away from any high school or branch. The father requested the board either to furnish high school work within four miles of his residence, or to furnish transportation for his children to the nearest high school, a distance of four and one-half miles from plaintiff's residence. The board refused to comply with either request. The father thereafter presented an itemized bill of the cost to him of transporting his children to the nearest high school and requested payment from the board, which was refused. In the father's suit for the payment of such transportation expenses the court, in holding that he was entitled to recover from the board on quasi contract, said:
"An act of beneficial intervention in the discharge of another's legal obligation, which results in a quasi contractual obligation, must contain the following elements: The obligation must be of such a nature that actual and prompt performance thereof is of grave public concern; the person upon whom the obligation rests must have failed or refused with knowledge of the facts to perform the obligation; or it must reasonably appear that it is impossible to perform it; and the person who intervenes must, under the circumstances, be not a mere intermeddler but a proper person to perform the duty. Woodward, Law of Quasi Contracts, p. 310; Forsyth v. Ganson, 5 Wend. *172 (N.Y.) 558, 21 Am. Dec. 241; Rundell v. Bentley, 53 Hun (N.Y.) 272, 6 N.Y.S. 609."
The court found that there had been "the discharge of another's legal obligation" by the father, because the statute imposed a mandatory duty upon the board to adopt one or the other of the options and it could not, by refusing to exercise any one of the options, absolve itself from liability. We note that the same result was reached in a similar case. Rysdam v. School Dist. No. 67 of Union County, 58 P.2d 614 (Or. Sup. Ct. 1936).
Even if we assume that the Sommers case would be followed in New Jersey, it is of no help to the plaintiff. The mandatory duty imposed by statute, which was found in the Sommers case, is lacking here. We have no statute which imposes a mandatory duty upon a municipality to prosecute for alleged violations of its zoning ordinance and no statute which imposes a liability upon a municipality for failure to do so.
The general rule is that the enforcement of ordinances is a governmental function and, in the absence of a statute imposing a liability, a municipality is not liable for failure to enforce ordinances which have been enacted. 6 McQuillin, Municipal Corporations, § 2802 (2d Ed. 1936); 63 C.J.S., Municipal Corporations, § 769; 38 Am. Jur., Municipal Corporations, § 603. See 46 A.L.R. 1434; 161 A.L.R. 1404. We think this general rule is applicable to the question before us and conclude that there is no liability on the part of the municipality.
In England and in New Jersey popular or qui tam actions have been provided by statute when it was deemed advisable to compensate private parties who prosecute for violations of particular statutes or ordinances. See 3 Blackstone, Commentaries, p. 161; R.S. 4:22-26 et seq.; R.S. 12:3-21; R.S. 12:4-22, and R.S. 12:8-47. In popular actions, the fine is given to the person prosecuting and in qui tam actions, a part of the fine.
The judgment is affirmed.