14 N.J. Super. 533 (1951)
82 A.2d 499
MAGDALINE KILBURG, ET ALS., PLAINTIFFS,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF HILLSIDE, AND CHARLES HANSON, BUILDING INSPECTOR OF THE TOWNSHIP OF HILLSIDE, DEFENDANTS, AND LEVY BROS. CO., INC., INTERVENOR-DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 30, 1951.
*534 Messrs. Stein, Stein & Hughes (Mr. John B. Stone, Jr., appearing), attorneys for plaintiffs.
Messrs. Herrigel, Bolan & Vieser (Mr. William L. Vieser, appearing), attorneys for defendants.
Messrs. Sterner & Kane (Mr. Joseph R. Kane, appearing), attorneys for intervener-defendant.
COLIE, J.S.C.
This action in lieu of prerogative writ seeks to compel the building inspector of the Township of Hillside to institute an action for an alleged violation of the zoning ordinance of the municipality and to review the action of the township committee directing the building inspector to issue a building permit to the intervening defendant, Levy Bros. Co., Inc.
The plaintiffs herein are property owners residing on Shelton Terrace in an area designated on the zoning map of the township as Business "C" District. On each of the respective properties there is a dwelling house. Immediately to the rear of and adjoining the plaintiffs' properties there is a plot of land owned by the defendant, Levy Bros. Co., Inc., which property fronts on Liberty Avenue. This property is also located in the Business "C" District. In June, 1950, the township committee passed a resolution directing the building inspector to issue to Levy Bros. Co., Inc., a building permit to erect a building and a concrete block wall on the property, and on July 6, 1950, the permit issued. Levy Bros. Co., Inc., maintains a lumber storage yard on the property into and from which they move lumber with attendant dust, noise and vibration. There was testimony from the plaintiffs *535 that the lumber yard attracted rodents which were a health hazard. For the purposes of this opinion it is accepted as fact that the operation of the lumber yard was dusty, noisy and caused vibration which caused the walls in the plaintiffs' buildings to develop cracks. Also for the purposes of the opinion, it is taken as a fact that the attendant noises were harmful to the health of the plaintiff.
As to an order directing the building inspector to enforce the penalty provision of the zoning ordinance, the law has been settled in the case of Lanni v. Bayonne, 7 N.J. Super. 169 (App. Div. 1950). The court there said: "The general rule is that the enforcement of ordinances is a governmental function and, in the absence of a statute imposing a liability, a municipality is not liable for failure to enforce ordinances which have been enacted." There is no provision in the statutes to which attention has been directed which imposes liability upon the municipality, and in the absence thereof we believe that we are bound by the holding in the cited case. This obviates the necessity of discussing whether the duty is a mere ministerial one, the doing of which could be directed by the court.
We now come to a consideration of the second count which seeks a review and reversal of the action of the township committee in directing the issuance of a building permit to the intervening defendant. Article 11 of the zoning ordinance reads as follows:
"In Business `C' District no building or premises shall be used for other than the following purposes:
A. Any uses specifically mentioned in any of the foregoing articles in the Residence `A'-`B'-`C' and Business `A' and `B' Districts and in addition:
Section 2. That paragraph `B' of Article 11 of the ordinance to which this is an amendment be and the same is hereby amended to read as follows:
B. For the manufacture of any goods, wares or fabric for retail or wholesale trade which are not specifically excluded from other districts by the enactment of this ordinance, provided that no more than five (5) Horse Power electric motive power be used in the operation of any one machine or all machines, if all are operating from one power unit, and provided further that no industry process *536 shall be permitted from which there arises dust, offensive odors, gas fumes, noise or vibration. In the manufacture of any products permitted in Business C district, the power used must be purchased, thereby eliminating the creation of power on the premises."
Within the Business "C" District those uses which are permissible in the Business "B" District may be carried on. There is no useful purpose in enumerating the specific occupations included in the "B" District. Suffice it to say that the storage of lumber is not one of the enumerated usages.
Exhibit D-2 is a photograph showing the establishment of Levy Bros. Co., Inc., which is carried on across the street from the premises in question. The legend on the photograph indicates that the business is lumber, millwork, paints and hardware. It is unquestioned that Levy Bros. Co., Inc., is permitted under the zoning ordinance to carry on its business in the establishment shown on D-2, and it is of considerable significance that the legend on the building indicates that the business is lumber and millwork. Obviously anyone engaged in either lumber or millwork must have a place to store the materials. A place for storage is a necessary incident to the carrying on of the business. If in this case the intervening defendant, Levy Bros. Co., Inc., were to use a part of the land on which their building was located for the storage of finished millwork or, indeed, for the storage of lumber preparatory to its being transformed into millwork, it is difficult to think that such usage would be subject to challenge as not within the purview of the zoning ordinance. The mere fact that the property in question is located on the other side of the street from the business establishment does not change its character from one of a necessary incidental of the lumber and millwork business. The court thinks it clear that the plaintiffs' claim is without merit.
The court points out that the plaintiffs' contention that the use of the property in question for the storage of lumber creates a dusty, noisy condition and vibrations which allegedly harm the plaintiffs' property, while not furnishing a ground for setting aside the action of the township committee, does *537 not leave the plaintiffs without a remedy if the conditions complained of warrant the proper court in granting injunctive relief. That question, however, is not before the court.
By agreement of counsel, the court visited the location and inspected the property, but found nothing significant from such inspection other than hereinabove set forth.
The judgment of the court is that the complaint is dismissed.