MADELINE ASH, PLAINTIFF-RESPONDENT, v. WILLIAM R. MESTICE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 30, 1953—Decided April 23, 1953.

Before Judges EASTWOOD, BIGELOW and JAYNE.

*Mr. Leonard M. Snyder* argued the cause for the respondent.

*Mr. William R. Mestice* argued the cause *pro se.*

The opinion of the court was delivered by

BIGELOW, J. A. D. Mrs. Ash, a tenant of the defendant Mestice, recovered judgment for $134.50, besides costs for excess of rent paid him above the maximum fixed by the federal statute. The amount of the judgment was the excess of $9 a month for 13 months, November 1949 to and including November 1950, plus interest of $17.50.

 Only one month's rent, of which the excess was $9, was paid within one-year prior to the institution of the action on October 8, 1951. Recovery of the earlier payments or damages on account thereof · is not permitted by the statute. *U. S. C. A., Tit.* 50, *App.* § 1895(c); *Martin v. Mazziotti*, 14 *N. J. Super.* 340 (*App. Div.* 1951). But the respondent urges that regardless of the limitation in the statute, the excess paid may be recovered under the theory of unjust enrichment as expounded in *Brinkmann v. Urban Realty Co.*, 10 *N. J.* 113 (1952). In that case the statute gave to the tenant no express remedy for the exaction of the unlawful excess, so on common-law principles he was held entitled to restitution. Since the statute that governs the instant case does specify the remedy, that remedy is exclusive and subject to the limitations contained in the act. *United States v. Babcock*, 250 *U. S.* 328, 39 *S. Ct.* 464, 63 *L. Ed.* 1011 (1919).

 Appellant also argues that the unlawful excess was not as much as $9 a month. It appears the rent was fixed at $35 a month on December 28, 1943. Appellant claims that thereafter he and the tenant voluntarily agreed to a 15% increase in accordance with the leave contained in *section* 204.(b) of the Housing and Rent Act of 1947. But the evidence in this connection is too vague to justify our disturbing the finding of the trial court that $9 was the excess.

There is no merit to the other contentions of appellant. Judgment reversed with costs in this court and with directions to enter judgment for plaintiff for $9 with interest.