JOHN SHREAD *vs.* ALEXANDER BRETON.

Middlesex. November 8, 1955. — February 6, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Landlord and Tenant*, Federal control, Rent. *Housing. Price Control. Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether error harmful.

In an action under the Federal housing and rent act of 1947 to recover rent paid by the plaintiff to the defendant for an apartment in excess of the established maximum rent, error in the admission of evidence of an increase in the maximum rent granted and effective long after termination of the plaintiff's occupancy of the apartment was harmful to the plaintiff in view of findings by the judge showing that a general finding for the defendant was influenced by such evidence. [547]

The maximum legal rent for an apartment under the Federal housing
and rent act of 1947 during a certain period of occupancy and the
liability of the owner to the occupant to repay rent received in excess of
the maximum were not affected by an increase in the maximum to the
amount paid by the occupant granted upon a petition filed by the
owner long after such occupancy had terminated and effective as of the
time of filing the petition, even if the increase was granted by reason of
improvements made in the apartment by the owner previous to such
occupancy and the occupant had had the benefit thereof.   [547–548]

TORT.   Writ in the Second District Court of Eastern
Middlesex dated January 26, 1951.

Upon removal to the Superior Court the action was
heard by *Beaudreau, J.*

*Thomas B. Shea, (Melvin J. Dangel* with him,) for the
plaintiff.

*Edward W. Foster,* for the defendant.

WILLIAMS, J.   This is an action to recover rent paid to
the defendant by the plaintiff in excess of the established
maximum rent for the occupancy of an apartment in a
building at 3 Alder Street, Waltham, owned by the de-
fendant.   The action is brought under the provisions of the
Federal housing and rent act of 1947, 61 U. S. Sts. at Large,
193, § 205, as amended, which provides that "Any person
who demands, accepts, or receives any payment of rent in
excess of the maximum rent prescribed under section 204
shall be liable to the person from whom he demands, ac-
cepts, or receives such payment . . . ."   The plaintiff oc-
cupied the apartment from September 17, 1949, until Oc-
tober 16, 1950, and paid to the defendant rent at the rate
of $70 per month.   During this period the established maxi-
mum rent was $33 per month.   A judge of the Superior
Court to whom the action was tried found for the defendant.
The case is here on the plaintiff's exceptions to the admis-
sion of evidence, to the denial of his motion for a new trial,
and to rulings of the judge in connection therewith.

In the course of the trial the plaintiff called as a witness
the rent director of the rent board of Waltham.   On cross-
examination he testified that on August 18, 1952, the de-
fendant filed a printed form of petition designated as D1B

by the office of rent stabilization in Cambridge setting forth that certain improvements were made to the apartment in the fall of 1949 and requesting an increase in the maximum legal rent. Asked if this petition "showed improvements so as to grant an increase to $70 in the establishment," he answered that "an increase to $70 per month was the action taken on the petition" and "that an increase was granted dated October 6, 1952, increasing the rent from $33 per month to $70 per month effective August 18, 1952." The plaintiff duly excepted both to the admission of the question and to the answer. He also excepted to the admission of the petition which contained a list of the improvements which the defendant contended had been made in the apartment prior to the plaintiff's occupancy, a request for adjustment of the rent, and the record of the resulting action of the board. The judge filed "memoranda" of his subsidiary findings which, so far as material to the plaintiff's exceptions, were as follows: "On August 18, 1952, the defendant appeared at the office of the rent stabilization board of Waltham, and requested to be allowed an increase for the betterments that had been made in that apartment, and which the plaintiff admitted having received the benefits of; and on August 18, 1952, the said rent stabilization board allowed him to increase the rent from $33 to $70 a month. . . . [T]he original agreement entered into between the parties was made in good faith . . . [and] the defendant was put to great expense in fitting this apartment for use."

We think there was reversible error in the admission of the petition and the testimony relating to the consequent action of the board. In view of the findings above quoted, it cannot be said that it had no influence on the judge's ultimate finding. The adjudication of the board in 1952 had no retroactive effect upon the maximum rent for which the plaintiff could legally be charged at the time of his occupancy or the liability of the defendant to repay such part of the excess which he had received within the year before the commencement of the plaintiff's action. See

*Hogan* v. *Coleman*, 326 Mass. 770, 776–777. Nor did this adjudication afford the defendant an equitable defence. A landlord "cannot take upon himself to increase the rent to a figure he thinks proper, and then, in defense to a suit for restitution of overcharges, offer to prove in the enforcement court the existence of a set of facts under which he would have been entitled to an increase had he applied for it under the applicable administrative procedures." "If he does make such an overcharge without petitioning for an adjustment he . . . becomes irretrievably liable to make restitution." *Dauksewicz* v. *United States*, 194 Fed. (2d) 52, 55, 56 (C. A. 1).

It is unnecessary to deal with the other exceptions which relate to the denial of the plaintiff's motion for a new trial.

*Exceptions sustained.*