50 N.J. Super. 274 (1958)
141 A.2d 802
GLORY JENKINS, PLAINTIFF-APPELLANT,
v.
YETTA KAPLAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1958.
Decided May 26, 1958.
*275 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. George Rothstein argued the cause for plaintiff-appellant.
Mr. Edward J. Lynch argued the cause for defendant-respondent (Mr. Cyril J. McCauley, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
The questions presented by this appeal concern the availability of the remedy of restitution to the plaintiff tenant of rents paid to the defendant landlord in excess of the lawful maximum under federal, state and local rent control legislation, on the theory of unjust enrichment.
*276 On October 23, 1957 plaintiff instituted the present action in the Hudson County Court. The complaint alleged that plaintiff had been a tenant of a dwelling house in Union City owned by defendant from February 1, 1952 through August 1957, during which period defendant "demanded, accepted and received" from plaintiff a total of $985 in excess of the lawful maximums, by reason of which defendant has been "unjustly enriched" in that amount.
The complaint particularly recited that from February 1952 through July 1953 the apartment was subject to control under the Federal Rent Control Act of 1947, as amended (61 U.S. Stat. 193, 50 U.S.C.A. Appendix, § 1881 et seq.) and the maximum rent thereunder was $45 per month, but the defendant exacted $52.50 per month, aggregating $127.50 in excess rentals; that from August 1953 through June 1956 the apartment was subject to the New Jersey Rent Control Act of 1953 (L. 1953, c. 216, as amended by L. 1956, c. 76, N.J.S.A. 2A:42-14 et seq.) and from July 1956 to August 1957 subject to the municipal rent control ordinance of Union City, passed pursuant to the permissive state act of 1956 (L. 1956, c. 146, N.J.S.A. 2A:42-56 et seq.), and the maximum rent thereunder continued to be $45 per month, but defendant exacted, from August 1953 to August 1957, $62 per month, aggregating $857.50 in excess rentals. The complaint was drawn in one count.
Before filing an answer defendant moved to dismiss the suit on the grounds that, inter alia, (1) the claim for the period through July 31, 1953 (under the federal act) was barred by the time limitation in 50 U.S.C.A. Appendix, § 1895 (§ 205 of the National Housing Act of 1947); (2) the part of the claim covered by state law was barred by the limitations in N.J.S. 2A:14-10(b) (the two-year limitations statute governing actions at law generally for recovery of a forfeiture under penal statutes) and in N.J.S.A. 2A:42-38, as amended by L. 1956, c. 76; (3) the action is "in violation of" N.J.S. 2A:6-34, which limits the civil jurisdiction of the county district court except in *277 certain tort cases to suits involving $1,000 or less; and (4) the court was without jurisdiction to hear the cause as the action for restitution was "equitable" and therefore "cognizable in the Chancery Division." In connection with the latter ground, the notice of motion prayed that the court render "such relief" as it may deem "equitable and just."
The County Court granted defendant's motion and dismissed with prejudice plaintiff's claim for overcharges under the federal law and the State Rent Control Act of 1953, holding that the remedy given the tenant under those two acts was exclusive, and, the limitation periods therein provided having expired, plaintiff could not recover the excess rents exacted. As to the rents collected in excess of the maximum allowed under the municipal ordinance pursuant to the 1956 state act, the court held that since the legislation failed to provide the tenant with any statutory remedy, the restitutional relief sought was not precluded by statute, but since recovery for the excess rents exacted from July 1956 to August 1957 would be less than $1,000 the court thought suit "should be instituted in the county district court." It consequently dismissed this portion of the plaintiff's claim, but without prejudice. A subsequent application by the plaintiff to the court to have that part of his claim transferred to the district court rather than dismissed without prejudice was denied, the court being of the mind that the failure of the complaint to isolate that claim in a separate count would only lead to confusion in the district court were the suit transferred. This was despite plaintiff's offer to amend the original complaint.
Plaintiff appeals from the order dismissing her complaint and also from the order denying her application to amend the order of dismissal so as to provide for the transfer of plaintiff's action for overcharges after July 1, 1956 to the district court. Pending the appeal, plaintiff instituted an independent action in the district court for such overcharges. Defendant has moved to dismiss that action, and disposition of that motion is presently pending, presumably awaiting the outcome of this appeal.

*278 I.
We deal first with the County Court's dismissal with prejudice of that part of plaintiff's claim for the period during which the federal act was applicable.
Plaintiff argues that inasmuch as the present suit is not for treble damages under § 205 of the Housing Act of 1947, as amended (50 U.S.C.A. Appendix, § 1895(a)), but for simple restitution, the suit is governed by the general six-year limitation statute applicable to suits on "implied contracts," N.J.S. 2A:14-1, rather than the one-year limitation provided in § 205 of the federal act (50 U.S.C.A. Appendix, § 1895(c)). The contention must be rejected, as we agree with the trial court that Ash v. Mestice, 25 N.J. Super. 463 (App. Div. 1953), compels a contrary conclusion. This court there rejected the tenant's claim for recovery on the theory of unjust enrichment of rents in excess of the maximum under the Housing Act of 1947 where recovery would be precluded under the one-year limitation in the federal act, the court stating that the "remedy [provided by the federal act] is exclusive and subject to the limitations contained in the act" (25 N.J. Super. at page 465). See also McKean v. Hillman, 2 N.J. Super. 131 (App. Div. 1949), where the court held the tenant not entitled to any common-law right of recovery for charges in excess of the lawful maximum fixed by the Price Control Act of 1942 (50 U.S.C.A. Appendix, § 901 et seq.) (predecessor to the National Housing Act of 1947), stating that "it is clear that but for the Price Control Act the appellant would have no color of claim, common law or otherwise, and the only proceeding by him authorized by that Act is the penal action * * *," and hence the acceptance by the landlord of unlawful rents did not enable a common law recovery (2 N.J. Super. at page 134).
Plaintiff argues that Brinkmann v. Urban Realty Co., Inc., 10 N.J. 113 (1952), controls, rather than Ash v. Mestice, supra. But in the Brinkmann case the Supreme Court allowed the remedy of restitution for rents exacted *279 which were above the maximum fixed, not under the authority of the Price Control Law of 1942 or its successor, the National Housing Act of 1947, but by virtue of the National Housing Act of 1934 (12 U.S.C.A. § 1701), which latter act provided no remedy at all for the tenant.
Plaintiff also relies on Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946). True, that case allowed the federal housing expediter to recover actual overcharges from the landlord despite the fact that the one-year period of limitations under § 205 (e) of the 1942 Price Control Act as it then existed had run. But that result was based on the interpretation of § 205(a) of that act (which contained no time limitation) as affirmatively conferring the remedy of restitution upon the governmental administrator. The distinctions between the Brinkmann and Porter cases, and the case at bar, are obvious. They are alike only in that all three involve a claim of restitution. But in Porter the basis for the restitutional right was statutory, deemed to be affirmatively conferred on the government by virtue of § 205 (a) itself as it then existed; in Brinkmann it was implied because of the failure of the legislation to grant any remedy to the tenant (note the discriminating "cf." citation to Porter by the Supreme Court in Brinkmann); whereas here the legislation not only failed to grant any restitutional remedy to the tenant but specifically provided him with a quasi-penal damage action to redress the unlawful exaction of rent.
We therefore agree with the court in Ash, supra, that the failure of the statute involved in the Brinkmann case to provide an express remedy for the tenant serves to distinguish the latter case from such cases as the one at bar (25 N.J. Super. at page 465).
Other jurisdictions have almost uniformly denied any restitutional recovery in the same circumstances as presented here. Meyercheck v. Givens, 180 F.2d 221, 223 (7 Cir. 1950); Castrovinci v. Castrovinci, 93 Ohio App. 133, 112 N.E.2d 53 (Ct. App. 1952), followed in Huff v. Spruance, 116 N.E.2d 470, 478 (Ohio Com. Pl. 1953); *280 Thomsen v. Mill, 248 S.W.2d 6 (Mo. Ct. App. 1952); Adler v. Northern Hotel Co., 80 F. Supp. 776, 779 (D.C.N.D. Ill. 1948), motion to vacate denied 175 F.2d 619 (7 Cir. 1949) (not considering the point); Kravitz v. Nankin, 200 Misc. 219, 105 N.Y.S.2d 577 (N.Y. City Mun. Ct. 1951), followed in Varsano v. De Rosa, 151 N.Y.S.2d 88 (Sup. Ct. 1956). But see Shread v. Breton, 333 Mass. 545, 132 N.E.2d 177 (Sup. Jud. Ct. 1956), which seems to assume such recovery is allowable without discussing the point.
Thus, following the rule of the Ash case, supra, we hold that the judgment under appeal correctly dismissed the claim for recovery of rents paid through July 1953.

II.
While there are no decided cases involving the similar question under the New Jersey Rent Control Act of 1953, the conclusion reached above applies thereto with equal logic. There may be differences between the remedy afforded the tenant under the federal act (see United States v. Lesniewski, 205 F.2d 802, 804 (2 Cir. 1953) for a brief synopsis of the oft-changed congressional policy towards the tenant's remedies under the various amendments to the rent control legislation) and that provided by the 1953 state act, but they are not material. The basic similarity is controlling. N.J.S.A. 2A:42-38 (L. 1953, c. 216, § 25) expressly gave the tenant a specific remedy for the exaction of rents in excess of the lawful maximum. That remedy we deem to be exclusive for the same reasons relevant in connection with the federal act, and no non-statutory right resides in the tenant for violation by the landlord of the provisions of the legislation. Moreover, the statute was approved July 7, 1953, two months after the decision was rendered in Ash v. Mestice, supra, and the precise section was amended by L. 1956, c. 76, p. 163. It is to be presumed that the Legislature was conversant with the decision in the Ash case, and had it contemplated a common-law recovery, independent of statute, such a provision *281 could easily have been included. In its absence, the reasons which have been held to preclude restitutional relief under the federal act are equally applicable here.
Consequently, insofar as the judgment dismisses with prejudice plaintiff's claim for rentals exacted up to and including June 30, 1956, it is affirmed.

III.
The treble damage remedy afforded by N.J.S.A. 2A:42-38, however, was not continued in the Optional Rent Control Act of 1956, and treble damages were therefore not recoverable by plaintiff at any time for unlawful rents received after June 30, 1956. Foti v. Heller, 48 N.J. Super. 57, 60 (App. Div. 1957). The statutory scheme contemplated enactment of appropriate sanctions by the adopting municipalities, N.J.S.A. 2A:42-59 and 61 (L. 1956, c. 146, §§ 4, 6), but we know of no general statute which authorizes a municipality to provide for a civil penalty, or, for that matter, for any recovery, penal or otherwise, by a private citizen for violation of its ordinances, R.S. 40:49-5, as amended L. 1953, c. 37. Cf. Lanni v. City of Bayonne, 7 N.J. Super. 169 (App. Div. 1950). Nor can N.J.S.A. 2A:42-59 or 61 be said to imply such power. Foti v. Heller, supra (48 N.J. Super. at page 60). The statute having thus afforded no remedy at all to the tenant, the reason for the result reached in I and II, supra, is not applicable here. Moreover, paraphrasing the language used in Brinkmann v. Urban Realty Co., Inc., supra (10 N.J. at page 120) in connection with a comparable situation, the presence of the remedy in the 1953 state act does not justify the conclusion that the absence of a like remedy in the 1956 act is indicative of a legislative intent to deprive tenants of any claim for simple restitution in the event of unlawful overcharges. Restitution of excess rentals is in exercise of the customary power of the court to mould and adopt traditional remedies to breaches of new duties imposed by law. Id., 10 N.J. at page 122. The County Court was correct in not entering final judgment in defendant's favor in this regard.
*282 Defendant argues that the complaint should have been dismissed with finality because it does not appear therefrom that the payments by the plaintiff were not voluntary. The law in this regard is clear. The payments were not voluntary if plaintiffs were under compulsion because of unavailability of other housing accommodations. Brinkmann v. Urban Realty Co., Inc., supra (10 N.J. at page 120). Even if the matter of compulsion or other special equity be considered an affirmative element of plaintiff's claim, yet where it appears that the issue will be factually disputed, the appropriate procedure under our present liberal practice would not be dismissal but to allow amendment of the complaint so as to allege the involuntariness of the payments. R.R. 4:15-1.
We note in passing that the trial court did not pass on this point, defendant having asserted it for the first time on this appeal. The trial court, rather, as stated earlier, dismissed this claim without prejudice, on the basis that recovery thereunder would be less than $1,000. This was error. There is no minimum limitation on the civil jurisdiction of the county court. N.J.S.A. 2A:3-3. The rules and the statute merely provide that where it appears that the suit is one which would be likewise cognizable in the county district court the court may transfer the action to that court. N.J.S.A. 2A:15-47.1; R.R. 4:3-4(a). Nowhere is the county court empowered to dismiss the cause merely because it could have been brought in the county district court. If the trial court here felt that transfer would have engendered confusion in the transferee court, it should have retained the cause itself.
However, at the oral argument plaintiff voiced her willingness to consent to the County Court dismissal in view of her present pending district court action. The judgment dismissing this part of her claim and the trial court's order denying her application for transfer of the cause, although improper when originally entered, will therefore be treated as entered by consent of the plaintiff and affirmed.
*283 Defendant asserts, however, that the district court is without jurisdiction to hear the cause as it is not an "action of a civil nature at law." N.J.S. 2A:6-34. As noted earlier, the defendant likewise asserted as one of her grounds in her motion to dismiss that the cause was equitable in nature and hence not cognizable in the county court. Defendant prays that we therefore exercise our original jurisdiction and enter final judgment in her favor upon this cause as well as in the district court action. The latter action, however, is not before this court, nor has defendant cross-appealed from the County Court's non-prejudicial dismissal. At any rate, the assertions are ill-founded. A money judgment against the party who has been unjustly enriched is the traditional restitutional remedy, and this "quasi-contractual" relief has universally been afforded at law. Restatement, Restitution, pp. 4-9 (Introductory Note), §§ 4(b), 4(f), 5; Hartford Accident & Indemnity Co. v. Benevento, 133 N.J.L. 315, 319 (E. & A. 1945). The action is clearly within the civil jurisdiction of either lower court.
The judgment and order appealed from is, for the reasons expressed herein, affirmed, with costs.