952 A.2d 1150

GEORGE HARVEY, INDIVIDUALLY AND T/A HARVEY'S TOWING SERVICE, PLAINTIFF–APPELLANT, v. TOWNSHIP OF DEPTFORD, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 12, 2008—Decided August 8, 2008.

Before Judges AXELRAD,[1] PAYNE and MESSANO.

*William J. Pollinger* argued the cause for appellant.

*George J. Botcheos* argued the cause for respondent.

The opinion of the court was delivered by

[1] Judge Axelrad did not participate in oral argument. However, the parties consented to her participation in the decision.

**MESSANO, J.A.D.**

Plaintiff George Harvey, the owner of Harvey's Towing Service, appeals from the August 18, 2006, interlocutory order that limited his claim for monetary damages against defendant, Township of Deptford (Deptford). Applying the limit fixed by that order, the trial judge subsequently entered judgment on January 22, 2007, in favor of plaintiff against defendant in the amount of $98,705. Harvey argues that the judge misapplied *N.J.S.A.* 40:48–2.50 to limit his damages on a per vehicle basis, and that as a result, he was denied the opportunity to prove his actual damages, an amount he claims was significantly higher. We have considered the arguments raised in light of the record and applicable legal standards. We affirm.

I.

Plaintiff towed and stored vehicles at the request of Deptford and its police department from 1995 to 2003. He filed a complaint in January 2004 in which he alleged that Deptford had failed to comply with its statutory obligations to publicly auction those vehicles. In the complaint, plaintiff sought an order compelling Deptford "to comply with its obligations to auction vehicles and obtain titles so that the vehicles may be removed from plaintiff's premises." Plaintiff also sought "compensatory damages, punitive damages, special damages and the imposition of sanctions, together with counsel fees and costs . . . ."

Deptford filed its answer and discovery ensued, apparently limited to interrogatories and document requests. On July 14, 2005, plaintiff moved for partial summary judgment on the issue of liability. In support of the motion, plaintiff supplied his counsel's certification along with attachments comprised mostly of defendant's answers to interrogatories and documents it supplied. Plaintiff demonstrated that Deptford had held only two vehicle auctions between 1995 and June 2003. Deptford admitted that it failed to hold any auctions pursuant to *N.J.S.A.* 39:10A–1 to –7, despite internal memoranda from the police department outlining

the procedure for holding auctions, and notices from various State agencies indicating the obligation to comply with the statute.

Deptford did not oppose the motion, and on August 19, 2005, the motion judge delivered an oral opinion, subsequently memorialized in an order dated the same day, granting plaintiff's motion for partial summary judgment. The judge ruled that "Deptford ... breached its obligations to plaintiff," and he "declare[d] that [ ] Deptford [was] liable to [ ] plaintiff for the tow costs and the storage costs in an amount to be determined at a proof hearing."

After efforts by the parties to count the number of vehicles that had been towed and stored at Deptford's request, 221 vehicles were removed from plaintiff's property on April 6, 2006. On July 24, 2006, Deptford moved for an order limiting the amount of monetary damages that plaintiff could recover for storage costs. In particular, Deptford argued that pursuant to *N.J.S.A.* 40:48–2.50, plaintiff's recovery was limited to $400 per vehicle stored.

Plaintiff opposed the motion and certified that based upon his actual towing and storage costs, Deptford owed him $4,479,508.70. Plaintiff also furnished a series of letters between his counsel and counsel for Deptford, evidencing attempts to resolve the matter, and noted that Deptford never claimed its damages were limited by the statute.

At oral argument held on August 18, 2006, Deptford contended that the legislation, enacted in 1987, was intended to limit the amount plaintiff could charge for storage of the vehicles. Citing legislative history, Deptford argued that the Legislature had concluded by enacting the statute that "[i]t was imperative that a reasonable limitation be imposed on the storage fees for the important public purpose of sustaining local [fiscal] soundness."

Plaintiff countered that he was entitled to his actual damages "as a result of [Deptford's] breach of its independent statut[ory] [duty]." Plaintiff noted the long history of trying to have Deptford respond to his entreaties to remove the vehicles through the auction process. Plaintiff further contended that he could not

limit his damages by auctioning the vehicles himself because he lacked any authority to do so since the vehicles were not towed "at the request of or with the authority of the owner[s]."

In a brief explanation of his ruling, the judge concluded that "the statute would appear to apply to this situation," and makes "quite clear ... [its purpose was] to limit the liability of municipalities to $400 per vehicle for storage fees." He entered an order limiting plaintiff's damages for storage fees to that amount.

Although the record is less than clear as to the proceedings thereafter, the parties apparently tried the issue of how many vehicles were towed and stored at Deptford's request over the years. We have not been supplied with any transcript of those proceedings, however, on January 22, 2007, another judge entered an order, based on "the testimony of the parties," and concluded 221 vehicles were at issue, applied the $400 limit per vehicle to storage costs, resulting in a total of $88,400, determined the towing costs to be an additional $10,305, and entered a total judgment of $98,705. This appeal ensued.[2]

## II.

Plaintiff contends that *N.J.S.A.* 40:48–2.50 limits the amount that a municipality is obligated to pay a tower for towing and storage costs, but it does not limit his claim for damages based upon Deptford's "breach of independent statutory obligations." Those independent statutory obligations were Deptford's responsibility to periodically hold auctions for the vehicles it stored on plaintiff's property. Having already prevailed on summary judgment on that issue, and we note Deptford has not cross-appealed

---

[2] Plaintiff's notice of appeal does not include this judgment. However, Deptford has not objected to our consideration of the issue presented, first decided interlocutorily, and then applied to the calculations that led to the final judgment. Therefore, we consider the issue with recognition that if plaintiff were to prevail and the interlocutory order reversed, the final judgment would also need to be vacated.

that decision, plaintiff claims he is entitled to prove his actual damages as a result of the municipality's failure to act.

Deptford counters by arguing, as it did below, that plaintiff's monetary damage claim is limited by statute to $400 per vehicle. It notes that *N.J.S.A.* 39:10A-1 to -7 imposes no sanctions or penalties for its failure to comply, and, more importantly, provides for no "civil remedy for damages against a municipality." It further argues that plaintiff should have been aware of the legislative limit he could charge for his services, and therefore is bound by that limit. Lastly, it notes that plaintiff failed, prior to filing his complaint, "to make any application to the Court to compel Deptford to remove the vehicles."

*N.J.S.A.* 40:48-2.49 provides in pertinent part,

[A] municipality may regulate, by ordinance, the removal of motor vehicles from private or public property by operators engaged in such practice, including, but not limited to, the fees charged for storage following removal in accordance with [*N.J.S.A.*] 40:48-2.50, fees charged for such removal, notice requirements therefor, and the mercantile licensing of such operators.

. . . .

The regulations shall include, but not be limited to:

a. A schedule of fees or other charges which an operator may charge vehicle owners for towing services, storage services or both[.]

It is undisputed that Deptford enacted such an ordinance, though it was apparently revised through various iterations during the course of plaintiff's storage of the vehicles at issue.

*N.J.S.A.* 40:48-2.50 provides in pertinent part,

All fees to be paid to an operator by a municipality for the storage of removed motor vehicles shall not exceed the following:

(1) A limit of $ 3.00 per day for the first 30 days of storage per vehicle; and

(2) A limit of $ 2.00 per day for the 31st day of storage and any day thereafter; and

(3) A limit of $ 400.00 per vehicle stored regardless of the duration of the storage, except that a waiver may be granted for good cause upon the request of a municipality by the Division of Local Government Services in the Department of Community Affairs.

Subsection (3) became the basis for the judge's order limiting plaintiff's damages to $400 per vehicle.

■ Plaintiff's suggestion that because a municipality may secure a waiver for good cause, the statute's limits are not maximum amounts "under all circumstances," is inconsequential to this case. While the language may allow a municipality to seek such a waiver, none was sought in this case, and therefore, the language does not support plaintiff's argument by extension, i.e., that the statute does not provide for a limit to the costs a municipality may incur for towing and storing vehicles.

We agree with Deptford and the motion judge that the statute is plain on its face, and, although resort to legislative intent is unnecessary for interpretive purposes, we note that an examination of the legislative history fully supports the conclusion that plaintiff's recovery is limited. The "Legislative Findings and Declarations" that accompanied the passage of the statute, *L.* 1987 c. 127 § 1, provided:

1. The Legislature finds and declares that:

a. Certain municipalities are faced with exorbitant storage fees for storage following the removal of abandoned and unclaimed motor vehicles.

b. *Storage fees have been permitted to accumulate far in excess of the value of any of these vehicles.*

c. Certain contracts concerning storage of these abandoned motor vehicles have been entered into by private persons and public agencies which failed to provide for a limitation on the accumulation of these storage fees.

d. *It is imperative that a reasonable limitation be imposed on these storage fees for the important public purpose of sustaining local fiscal soundness.*

e. In view of the forgoing, *it is reasonable and necessary for the State to set limitation on these contracts for storage fees now that this important public interest has come to light.*

(Emphasis added.)

We are hard-pressed to find a clearer enunciation of the Legislature's purpose in enacting the statute and we note that the public purpose recognized by the statute is indeed served by limiting plaintiff's recovery.

■ The essential argument plaintiff raises, however, is unrelated to *N.J.S.A.* 40:48–2.50. Plaintiff contends that he should be able to pursue a claim for monetary damages because Deptford violated a different statute, *N.J.S.A.* 39:10A–1. Therefore, assuming

arguendo plaintiff cannot recover any amount greater than $400 per vehicle because of the limits cited above, he contends he has a private cause of action to recover monetary damages as a result of Deptford's failure to auction the vehicles in a timely fashion. We disagree with this argument.

We note initially that there are no provisions in *N.J.S.A.* 39:10A–1 to –7 for a remedy in damages in the event a public agency fails to comply with its obligation to auction vehicles towed and stored at its request. *N.J.S.A.* 39:10A–7 provides, "This act is intended to provide an additional remedy and shall not be construed to supersede procedures provided under any other act." Plaintiff has not cited any other statutory provisions and we find none that are particularly applicable to the facts at hand.

Therefore, failing to find any express cause of action for damages provided by the legislation, we consider whether plaintiff has some implied private right of action under the statute, or, in a more generic sense, as a corollary to the writ of mandamus he sought in the prerogative writs aspect of his suit, i.e., an order compelling Deptford to hold the auction or remove the vehicles from his property.

We have said,

In determining whether a statute implicitly creates a private cause of action, our Supreme Court has directed that courts should consider: (1) whether plaintiff is a member of the "class for whose especial benefit the statute was enacted"; (2) "whether there is any evidence that the Legislature intended to create a private cause of action under the statute"; and (3) whether such an implied private cause of action would be "consistent with the underlying purposes of the legislative scheme."

[*Ferraro v. City of Long Branch,* 314 *N.J.Super.* 268, 288, 714 *A.2d* 945 (App.Div.)(quoting *Matter of State Comm'n of Investigation,* 108 *N.J.* 35, 41, 527 *A.2d* 851 (1987))(internal quotations omitted), *certif. denied,* 157 *N.J.* 541, 724 *A.2d* 801 (1998).]

First, there is nothing in *N.J.S.A.* 39:10A–1 to –7 that indicates towers and storage operators were intended beneficiaries of the statute. Rather, it is clear that the Legislature intended to clarify a municipality's obligations with respect to the owners and secured parties regarding the vehicles, and to facilitate the vehicle's "sale and disposition by [the] governmental agency." *L.1964, c.* 81.

Thus, certainly as to plaintiff's claim against Deptford, he cannot show that he was a member of "a class for whose especial benefit the statute was enacted." [3]

Further, we find no legislative intention to accord a private cause of action to plaintiff, and, given our discussion above regarding *N.J.S.A.* 40:48–2.50, doing so is inconsistent with the Legislature's otherwise categorically-stated purpose of limiting municipal exposure and insuring "local fiscal soundness."

■ We lastly consider whether plaintiff's claim for monetary damages should be permitted as a corollary to his mandamus cause of action. While it has long been recognized that a plaintiff may include in an action in lieu of prerogative writs a claim for ancillary relief, *Garrou v. Teaneck Tryon Co.*, 11 *N.J.* 294, 301–05, 94 *A.*2d 332 (1953), a claim for monetary damages against a municipality for the failure to execute its statutory obligations is not permitted absent a constitutional or statutory basis for the claim. *Jenkins v. Kaplan*, 50 *N.J.Super.* 274, 281, 141 *A.*2d 802 (App.Div.1958); *Lanni v. Bayonne*, 7 *N.J.Super.* 169, 172, 72 *A.*2d 397 (App.Div.1950). As noted above, the only statute plaintiff has pled or cited does not supply a basis for liability.

■ Lastly, though Deptford never raised the defense of laches at the time partial summary judgment on the issue of liability was granted to plaintiff, we find further support for our

---

[3] We contrast this with the Legislature's enactment of *N.J.S.A.* 39:10A–8 through –20, "a larger statutory scheme [*L.*1983, *c.* 455] that had as its primary purpose *the facilitation of a garage keeper's disposal of abandoned motor vehicles.*" *GE Capital Auto Lease v. Violante*, 180 *N.J.* 24, 40, 848 *A.*2d 732 (2004) (emphasis added). Specifically, pursuant to *N.J.S.A.* 39:10A-14, "prior to the sale of the motor vehicle ... the owner of the motor vehicle may reclaim possession ... from the motor vehicle repair facility ... upon payment of the reasonable costs of removal and storage of the motor vehicle, the expenses incurred pursuant to the provisions of this act, and the charges for the servicing or repair of the motor vehicle." Plaintiff acknowledged at oral argument that he was unable to effectuate a public sale of the vehicles, or otherwise dispose of them pursuant to *N.J.S.A.* 39:10A-8 to –20, because they were not towed and stored at the request of or with the authority of the owners, and that only Deptford was in a position to publicly auction the vehicles.

conclusion that limiting plaintiff's damage claim is not inequitable precisely because he failed to initiate an action to compel any auction of the vehicles for several years. "[T]he 'central issue' in determining whether the laches doctrine bars a lawsuit 'is whether it is inequitable to permit the claim to be enforced.'" *Borough of Princeton v. Bd. of Chosen Freeholders,* 169 *N.J.* 135, 158, 777 *A.*2d 19 (2001)(quoting *Lavin v. Bd. of Educ. of Hackensack,* 90 *N.J.* 145, 152–53, 447 *A.*2d 516 (1982)).

Although plaintiff contended that he informally complained to various municipal officials about Deptford's refusal to auction the vehicles, it is undisputed that he did not file his complaint until January 2004, years after the first vehicles were towed and stored at his premises, and years after Deptford failed to hold a timely public auction. While plaintiff may have resisted filing his suit because he wished to maintain his status as one of Deptford's designated towing operators, we must conclude it would be highly inequitable to the public's interest in sound fiscal policy to now recognize his claims for substantial monetary damages when they are based, in large part, upon his delay in seeking mandamus at an earlier time.

Affirmed.