WALTER JOHNSON ET AL. *v.* KATHERINE IVIMEY ET AL.
(2001)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued December 4, 1984—decision released March 19, 1985

*John Ivimey,* pro se, with whom, on the brief, was *Katherine Ivimey,* pro se, the appellants (defendants).

*Robert L. Fisher, Jr.,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs brought suit in contract to recover for repairs and renovations made by them to the home of the defendant Katherine Ivimey. A second defendant, John Ivimey, the husband of Katherine Ivimey, was permitted to intervene as a defendant, pur-

suant to General Statutes § 46b-37 (b) (4).[1] The defendants appeal[2] from a judgment rendered on a jury verdict for the plaintiffs against Katherine Ivimey only on the complaint and against both defendants on their counterclaim.[3]

After the defendant husband had intervened in the action, the plaintiffs amended their complaint to allege that he had represented himself to be the authorized agent of his wife for the purpose of engaging the plaintiffs to perform the work done to her house. Subsequently, the plaintiffs were allowed to amend their complaint to add a count for unjust enrichment. A counterclaim was filed by the defendants claiming that the work of the plaintiffs was unworkmanlike and incomplete.

Basically, the named defendant claims that the trial court erred (1) in instructing the jury on ratification, (2) in instructing the jury that an agreement existed and that the jury was to decide solely whether the husband was acting as the wife's agent or whether she had ratified his agreement with the plaintiffs, (3) in failing to direct a verdict for the named defendant on the plaintiff's complaint, (4) in refusing to allow the defendant husband, who was not an attorney, to represent his wife, (5) in refusing to grant a continuance, and (6) by permitting prejudicial evidence to be introduced under

[1] General Statutes § 46b-37 (b) provides in pertinent part: "[I]t shall be the joint duty of each spouse to support his or her family, and both shall be liable for . . . (4) any article purchased by either which has in fact gone to the support of the family, or for the joint benefit of both . . . ."

[2] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[3] Both defendants have appealed but the issues raised, briefed and argued, solely involve the judgment against Katherine Ivimey on the plaintiffs' complaint. The defendant John Ivimey, thus, is not an aggrieved party and we have no jurisdiction over his appeal. *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 498, 35 A.2d 837 (1944).

the plaintiffs' added count of unjust enrichment when, subsequently, the jury was directed to return a verdict in favor of the defendants on this count.

Those claimed errors relating to the charge given by the trial court are not reviewable. The defendant wife did not file a written request to charge and took no exception to the charge. Practice Book §§ 315, 3063; see *Schaffer* v. *Schaffer,* 187 Conn. 224, 227–28 n.3, 445 A.2d 589 (1982).

The trial court's refusal to direct a verdict for the defendant wife on the claimed ground that the plaintiffs' complaint failed to state a claim upon which relief could be granted was proper. A decision to direct a verdict can only be upheld when a jury could not reasonably and logically reach any other conclusion. *Sestito* v. *Groton,* 178 Conn. 520, 522, 423 A.2d 165 (1979). Such is not the case here. In any event, the named defendant's claim should have been raised by a motion to strike the complaint. Practice Book § 152. Had a motion to strike the complaint been made, it would properly have been denied because the plaintiffs had stated a cause of action. Intertwined with this claimed error is the named defendant's argument that the trial court should have rendered judgment notwithstanding the verdict because the jury failed to follow the trial court's charge by not returning a verdict in her favor. Although it is not clear from the record that this claim was made in the defendant's motion to set aside the verdict, we briefly review it because of her pro se status. It is apparent from the transcript that the jury by following the trial court's instruction could have found for or against this defendant.[4]

---

[4] The defendant Katherine Ivimey's reply brief raises a claim of insufficiency of the evidence. That claim was not articulated in the statement of issues or in her original brief and therefore the plaintiffs were not apprised of this claim. We, thus, refuse to consider it.

The defendant John Ivimey could only argue his own case in the trial court since he is not a member of the bar in Connecticut. Implicit in the granting of a motion to intervene is the determination that the party has a right which could be adversely affected and that his interest is presently not adequately protected. *Horton v. Meskill,* 187 Conn. 187, 195–96, 445 A.2d 579 (1982). If the defendant Katherine Ivimey were not representing John Ivimey's interest, a fortiori, his status as intervenor does not allow him to represent her interests.

Moreover, the amended complaint does not allege a cause of action against John Ivimey based on his liability to the plaintiffs pursuant to General Statutes § 46b-37 (b) (4) but rather as one who represented himself to be an agent for the defendant principal, Katherine Ivimey, even if he were not her agent. Thus, the pleadings indicate that the interests of the defendant husband and the defendant wife are directly adverse. He could, as a pro se, represent his own interests in the case, but not those of his wife since there was not an identity of interest between them at trial. The court properly refused to allow him to represent his wife.[5]

The last two claims of the named defendant are related. She argues that the case should not have been tried with the count alleging unjust enrichment since that theory allowed evidence of insurance to be interjected into the case to her prejudice. The named defendant claims that she was forced by the trial court to deny generally the count in order to close the pleadings, and that, at the conclusion of the trial, this count was effectively taken from the jury by the trial court's direction

[5] On appeal, the defendant, John Ivimey, presented oral argument. It was not then apparent that he was not aggrieved by any action of the trial court.

of a verdict on that count for the defendants, after evidence relating to the count had been considered by the jury.

It is the contention of the named defendant that the complaint should not have been amended on the eve of trial, and that because it was, the case should have been removed from the trial assignment list. "The trial court has wide discretion in granting or denying amendments before, during, or after trial." *Lawson* v. *Godfried,* 181 Conn. 214, 216, 435 A.2d 15 (1980). Obviously, if one can amend a pleading during or after trial, an amendment does not remove a case from the trial list. Whether a case should proceed to trial lies within the trial court's discretion and the exercise thereof is subject to reversal only where an abuse of discretion is manifest or when injustice appears to have been committed. *Sturman* v. *Socha,* 191 Conn. 1, 5–7, 463 A.2d 527 (1983).

In the present case, the transcript reflects that the trial court inquired as to why a continuance was necessary and no satisfactory answer was proffered. The limited transcript filed with this appeal does not reveal that the defendant Katherine Ivimey requested a continuance. Moreover, we note that the claims advanced in the added third count did not interject any new material issues into the proceedings as the plaintiffs continued to allege that they performed work at the premises in question and the role of the insurance company had already been introduced by the defendants in their counterclaim. The defendant Katherine Ivimey cites us to only one transcript reference concerning the admission of prejudicial evidence introduced at trial, which mentions the payment of insurance proceeds to her. First, the transcript excerpt filed does not indicate who elicited that testimony. Additionally, evidence that the insurance company paid the defendant Katherine Ivimey would be admissible to refute the alle-

gation in the counterclaim that the plaintiffs contracted with the adjuster and the insurance company. We, thus, conclude that any error in failing to strike the third count was at most harmless error.

There is no error.