GENERAL ACCIDENT INSURANCE COMPANY OF
AMERICA *v.* POWERS, BOLLES, HOULIHAN
AND HARTLINE, INC.
(SC 16060)

Borden, Katz, Palmer, Sullivan and Peters, Js.

Argued September 30—officially released October 19, 1999

*William F. Corrigan*, with whom, on the brief, was *Elizabeth A. Fitzsimmons*, for the appellant (plaintiff).

*Daniel P. Scapellati*, with whom, on the brief, was *Joseph T. Sweeney*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, General Accident Insurance Company of America, brought this action against the defendant insurance agent, Powers, Bolles, Houlihan and Hartline, Inc., alleging that the defendant failed to obtain a written request from an insured for uninsured-underinsured motorist coverage in an amount less than the liability coverage. Upon concluding that the insurance application form, which was signed by the insured, did not satisfy the writing requirement of General Statutes (Rev. to 1989) § 38-175c, now General Statutes § 38a-336,[1] the trial court rendered judgment

---

[1] General Statutes (Rev. to 1989) § 38-175c (a) (2) provides in relevant part: "Notwithstanding any provision of this section to the contrary, every such policy issued or renewed on and after July 1, 1984, shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount, but not less than the limits specified in subsection (a) of section 14-112. . . ."

In 1991, § 38-175c (a) (2) was transferred without change to General Statutes § 38a-336 (a) (2). Subsequently, in 1993, § 38a-336 (a) (2) was amended to require a specific notice to the insured regarding the election of a lesser amount of uninsured or underinsured motorist coverage. See General Statutes (Rev. to 1995) § 38a-336 (a) (2).

for the plaintiff. The defendant appealed claiming that "the trial court improperly (1) concluded that its insurance application was deficient as a matter of law for the purpose of electing a lesser amount of uninsured-underinsured motorist coverage, and (2) failed to hold that the proper measure of damages was the difference between the premium that was actually charged to the policyholder for the coverage and the premium that would have been charged for the higher amount of coverage."[2] *General Accident Ins. Co. of America* v. *Powers, Bolles, Houlihan & Hartline, Inc.*, 50 Conn. App. 701, 702, 719 A.2d 77 (1998). The Appellate Court reversed the judgment of the trial court holding that, on the basis of the plain language of the statute, the application satisfied the statutory writing requirement. Id., 715. We granted certification limited to the following issue: "Did the application for automobile insurance with liability limits higher than the uninsured-underinsured motorist limits constitute a written rejection of the right to uninsured-underinsured motorist coverage equal to the amount of liability coverage?" *General Accident Ins. Co. of America* v. *Powers, Bolles, Houlihan & Hartline, Inc.*, 247 Conn. 954–55, 723 A.2d 810 (1999).

Having reviewed the briefs, the record and the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. In its thorough and thoughtful opinion, the Appellate Court properly resolved the issue on which we granted certification.

The judgment of the Appellate Court is affirmed.

---

[2] On the basis of its resolution of the first issue, the Appellate Court found it unnecessary to resolve the second issue on appeal. *General Accident Ins. Co. of America* v. *Powers, Bolles, Houlihan & Hartline, Inc.*, 50 Conn. App. 701, 702 n.1, 719 A.2d 77 (1998).