[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a hearing in damages. The plaintiff seeks damages in the amount of $50,000 for a wrongfully honored check plus prejudgment interest for money wrongfully detained pursuant to General Statutes § 37-3a.
The court finds the following facts. The plaintiff drew a check on its account at the defendant's bank. The check was made out to "TRUDY AVANTS ATTORNEY FOR MINOR CHILD JOSEPH WALTON MOTHER DELORES CARPENTER." Trudy Avants fraudulently endorsed the check "Joseph Walton Delores Carpenter Trudy Avants for Deposit Only Trudy Avants," and embezzled the $50,000 proceeds.
The plaintiff brought suit claiming that the check was wrongfully honored by the defendant because of the superfluous and forged endorsements of Joseph Walton and Delores Carpenter. The court granted summary judgment for the plaintiff on July 15, 1999. The defendant appealed the decision to the Appellate Court, which dismissed the case for want of jurisdiction due to the fact that a final judgment of damages had not been entered by the Superior Court.
The defendant argues that the court should not award prejudgment interest because the defendant believes that the court erred in granting summary judgment. CT Page 5956
The court has the power to make an equitable determination to award prejudgment interest. Stephan v. Pennsylvania General Ins. Co.,224 Conn. 758, 765, 621 A.2d 258 (1993); Middlesex Mutual Assurance Co.v. Walsh, 218 Conn. 681, 701-02, 590 A.2d 957 (1991). The court's determination regarding the award of interest "should be made in view of the demands of justice rather than through the application of any arbitrary rule." Middlesex Mutual Assurance Co. v. Walsh, supra,218 Conn. 702. There is a two-pronged test for determining whether to award interest under General Statutes § 37-3a. The court must determine: first, whether the defendant wrongfully detained funds of plaintiff; and second, when the funds were first wrongfully detained.Blakeslee Arpaina Chapman, Inc. v. Ei Constructors, Inc., 239 Conn. 708,735, 687 A.2d 506 (1997); see also White Oak Corp. v. Dept. ofTransportation, 217 Conn. 281, 302, 585 A.2d 1199 (1991). This court has already determined that the detention of money was wrongful; and therefore, under existing law, the only issue remaining for this court to decide is when the money was wrongfully detained.
The defendant contends that the court should consider a third factor. That factor is whether the defendant has a good faith basis to appeal the judgment of liability. Essentially, the defense has asked the court to reconsider the merits of its prior ruling on the issue of liability.
Reconsideration of the issue of liability would frustrate both judicial efficiency and the legislative intent of General Statute § 37-3a. It would frustrate the judicial process not only because this court has already decided the issue, but also because, for purposes of the issue at hand, the appellate court has the exclusive power to review the decision. General Statutes § 51-197b(d). Reconsideration of the wrongfulness of the detention would be duplicative and wasteful since one party would be dissatisfied with the any decision the court made and the matter would ultimately be appealed to the appellate court. In fact, the defendant has stated its intent to appeal after this judgment is entered. Reconsideration by this court would only delay the judicial process to no avail.
The court has an interest in the stability and finality of judgments.Walsh v. Stonington Water Pollution Control Authority, 250 Conn. 443,460-61, 736 A.2d 811 (1999); Ancona v. Manafort Bros., Inc.,56 Conn. App. 701, 706-07, 746 A.2d 184 cert. denied, 252 Conn. 954
(2000). When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Id. Applying that principal to the issue at hand, the stability and finality required for judicial efficiency persuades this court that it should not reconsider the merits CT Page 5957 of the defendant's claim.
The approach suggested by the defendant also undermines the legislative intent of empowering the court to award prejudgment interest. If prejudgment interest is not awarded and the trial court decision is affirmed the court would lack jurisdiction to award prejudgment interest because the there is no right to further review except to our Supreme Court. General Statutes § 51-197b(e). That being the case, the legislative intent of General Statute § 37-3a would be frustrated if the court failed to award interest at this time as there would be no opportunity to do so at a later time. An axiomatic rule of statutory construction is that "[w'e are initially guided by well defined principles of statutory interpretation. The court's "fundamental objective is to ascertain and give effect to the apparent intent of the legislature." Edelstein v. Dept. of Public Health Addiction Services,240 Conn. 658, 664, 692 A.2d 803 (1997), quoting State v. Metz,230 Conn. 400, 409, 645 A.2d 965 (1994) Moreover, principles of statutory construction require the court to construe a statute in a manner that will not frustrate its intended purpose or lead to an absurd result.Turner v. Turner, 219 Conn. 703, 712, 595 A.2d 297 (1991). The court "must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the Legislature. GeneralAccident Ins. Co. v. Powers, Bolles, Houlihan Hartline, Inc.,50 Conn. App. 701, 708, 719 A.2d 77 (1998), aff'd, 251 Conn. 56 (1999).
Accordingly, this court declines to reconsider the issue of liability and it declines to risk the chance that the plaintiff will be foreclosed from obtaining prejudgment interest should the appellate court affirm the trial court finding of liability.
Judgment is entered for the plaintiff in the amount of $50,000, together with prejudgment interest calculated from the date the check was honored by the defendant at the rate of 10% per annum.
Bryant, J.