## J. WILLIAM GAGNE, JR. *v.* ENRICO VACCARO
### (AC 22872)

West, McLachlan and Peters, Js.

Argued September 12—officially released December 9, 2003

*Felix Esposito*, with whom was *Enrico Vaccaro*, pro se, for the appellant (defendant).

*P. Jo Anne Burgh*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. This case returns to us following a remand to the trial court by the Supreme Court. In this appeal, the defendant, Enrico Vaccaro, claims the trial court improperly (1) denied his motion to open and to set aside the judgment, (2) awarded the plaintiff offer of judgment interest and (3) granted the plaintiff's prejudgment remedy of attachment. We affirm the judgment of the trial court.

This action between attorneys originated in a personal injury matter. The plaintiff, J. William Gagne, Jr., brought an action to recover damages for the defendant's failure to pay him a portion of attorney's fees recovered in the settlement of that matter in which the plaintiff had performed a significant amount of work.[1] The complaint contained five counts, including a claim of unjust enrichment. The case was tried to the jury, which found in favor of the plaintiff on all five counts and awarded damages in the amount of $328,469.14. Pursuant to Practice Book § 16-37, the defendant filed a motion to open the judgment and to set aside the verdict, and for judgment notwithstanding the verdict, which the court granted.

The plaintiff appealed from that judgment to the Appellate Court; pursuant to General Statutes § 51-199

---

[1] A detailed account of the underlying history of this litigation is presented in *Gagne* v. *Vaccaro*, 255 Conn. 390, 392–97, 766 A.2d 416 (2001).

(c) and Practice Book § 65-1, that appeal was transferred to the Supreme Court. On March 6, 2001, the Supreme Court decided whether a per se rule precluding recovery on the basis of quantum meruit or unjust enrichment, despite the absence of bad faith or client consent, is appropriate when an attorney fails to put into writing a contingency fee agreement pursuant to General Statutes § 52-251c. The court overruled in part *Alan E. Silver, P.C.* v. *Jacobs*, 43 Conn. App. 184, 682 A.2d 551, cert. denied, 239 Conn. 938, 684 A.2d 708 (1996), and held that an attorney who neglects to follow the dictates of § 52-251c may collect attorney's fees from a successor attorney after settlement. *Gagne* v. *Vaccaro*, 255 Conn. 390, 408, 766 A.2d 416 (2001). The judgment of the trial court was reversed in part and the case was remanded to that court to render judgment for the plaintiff on the unjust enrichment count. Id., 411.

Subsequently, on May 3, 2001, the plaintiff filed a motion for the calculation of interest pursuant to General Statutes § 52-192a and Practice Book § 17-18. One week later, in response to the plaintiff's application, the court held a prejudgment remedy hearing. In its memorandum of decision issued December 10, 2001, the court found that the plaintiff was entitled to offer of judgment and postjudgment interest, and costs and attorney's fees, and rendered judgment in favor of the plaintiff on the unjust enrichment count in the amount of $593,302.13. The court also granted the plaintiff's prejudgment remedy application, but deferred calculation of the specific amount. The defendant filed a motion to open and to set aside the judgment, which was denied by the court on May 8, 2002. On May 28, 2002, the defendant filed this appeal. By order dated June 21, 2002, the court set the prejudgment remedy amount.

I

The defendant's first claim on appeal is that the court improperly denied his motion to open and to set aside

the judgment because an unjust enrichment claim cannot legally be tried to a jury. In addition, the defendant contends that the jury's verdict on that claim was rendered using an erroneous legal standard. We disagree.

"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990).

## A

The defendant first argues that an unjust enrichment claim cannot legally be tried to a jury. It is well settled that there is no right to a jury trial in an equitable action. *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 44–45, 495 A.2d 1034 (1985). This appeal, however, presents the issue of whether the court, in exercising its discretion, may ever submit to the jury an unjust enrichment claim when both parties consent.

## 1

We first address the defendant's contention that restitution is, in every circumstance, an equitable matter.[2] The defendant has provided the court no authority for that assertion. The Restatement of Restitution, how-

---

[2] Unjust enrichment is a common-law doctrine "allowing damages for restitution, that is, the restoration to a party of money, services or goods of which he or she was deprived that benefited another." *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 512, 802 A.2d 901 (2002).

ever, takes the opposite view. It delineates six remedies for a person entitled to restitution, including "a judgment at law or decree in equity for the payment of money . . . ." Restatement (First), Restitution, Remedies § 4 (f), p. 18 (1937).[3] The Restatement thus indicates that an action for restitution may be either equitable or legal in nature.

Although the Connecticut decisions referring to this claim as "equitable" are numerous, we find only one that has addressed the dichotomy discussed in the Restatement (First), supra, Remedies § 4 (f). In *Misisco* v. *La Maita*, 150 Conn. 680, 684, 192 A.2d 891 (1963), our Supreme Court, consonant with the Restatement view, explained: "[An unjust enrichment claim] is an action in quasi contract, i.e. an obligation, arising by law, on which the same remedy is given as would be given if the obligation arose out of contract. . . . Although the right of recovery is based on equitable principles, it is nevertheless an action at law, the purpose of which is to prevent unjust enrichment. . . . The only remedy is in an award of money damages. There is no merit to the claim of the defendant that the plaintiff's only right of action was in equity and that equitable relief had to be sought." (Citations omitted.) Under Connecticut law, therefore, a claim in restitution may indeed be legal in nature.

Several jurisdictions have expounded on the distinction drawn in the Restatement. In *Jenkins* v. *Kaplan*, 50 N.J. Super. 274, 141 A.2d 802 (1958), the defendant asserted that as the claim was equitable in nature, it was not cognizable by the trial court. The Appellate Division of the Superior Court of New Jersey dismissed

---

[3] We note that the Restatement (Third), Restitution and Unjust Enrichment, currently under revision, also contains that delineation. The provisional reporter's note states that "money relief can be legal or equitable . . . ." Restatement (Third), Restitution and Unjust Enrichment (Discussion Draft) (March 31, 2000), Remedies § 4, p. 28.

that argument, explaining that "[a] money judgment against the party who has been unjustly enriched is the traditional restitutional remedy, and this 'quasi-contractual' relief has universally been afforded at law." Id., 283. Similarly, the United States District Court for the District of Massachusetts in *In re Acushnet River & New Bedford Harbor Proceedings*, 712 F. Sup. 994, 1003 (D. Mass. 1989), admonished an appellant who "assumes that, because the [United States] Supreme Court [in a certain case had] mentioned the Restatement of Restitution, the remedy it fashioned was an equitable one. This assumption ignores the fact that the jurisdictions of law courts and equity courts have always overlapped with respect to restitution. . . . [M]uch of the relief we now think of as restitutionary was available in the English common law courts in an action of assumpsit."

In this case, the plaintiff's recovery was through payment of money; indeed, this entire litigation centers solely on the division of legal fees. "[O]rdinarily [a] money judgment is obtained by an action at law . . . ." Restatement (First), supra, § 4, comment (e), p. 21. One court has observed that as a general rule, "an action is to be deemed legal in nature, rather than equitable, where the only relief sought is the collection of money damages." *Attebery* v. *Attebery*, 507 S.W.2d 87, 90 (Mo. App. 1974). We also note that the money payment recovery in this case falls within none of the "equitable" remedies specified in the Restatement.[4] "[I]n many situations a proceeding in equity is denied because the

---

[4] "A person entitled to restitution is entitled, in an appropriate case, to a remedy by a proceeding in equity, and not merely to a remedy by a proceeding at law (see § 4). The available remedies by a proceeding in equity include: (1) a decree establishing and enforcing a constructive trust of property; (2) a decree establishing and enforcing an equitable lien upon property; (3) a decree that the plaintiff be subrogated to the position of another claimant against the defendant. . . ." Restatement (First), supra, Restitution, Equitable Remedies—introductory note, p. 640.

remedy at law is adequate. . . ." Restatement (First), supra, introductory note, p. 4. The Pennsylvania Supreme Court has addressed such a situation: "The court below held that this action was cognizable in equity rather than in law because the equitable principle of unjust enrichment was involved. This reasoning overlooks the fact that law courts can and do apply equitable principles so long as the *remedy* sought is one within their power to grant. Since law courts can give the remedy of money damages, an adequate remedy existed at law in the form of an action in assumpsit and equity therefore had no jurisdiction." (Emphasis in original.) *Meehan* v. *Cheltenham Township*, 410 Pa. 446, 448–49, 189 A.2d 593 (1963). As the court here found money damages to be an adequate remedy, and in light of both the *Misisco* precedent and the distinction drawn in the Restatement, we conclude that this particular action for restitution more aptly is characterized as legal, rather than equitable, in nature.

2

Even were we to find this claim for restitution to be an equitable one, such a conclusion would not necessarily foreclose its submission to the jury. First, the court is statutorily permitted to submit equitable claims to the jury in certain circumstances. General Statutes § 52-218,[5] as well as Practice Book § 16-10,[6] provides the court in an equitable action the power to submit issues of fact to the jury upon the application of a party. The

---

[5] General Statutes § 52-218 provides: "Jury may try issues of fact in equitable action. Upon the application of either party, the court may order any issue or issues of fact in any action demanding equitable relief to be tried by a jury of six."

[6] Practice Book § 16-10 reiterates that discretion: "No issues of fact in an equitable action shall be tried to the jury except upon order of the judicial authority. Upon the application of any party, the judicial authority may order any issue or issues of fact in any action demanding equitable relief to be tried by a jury, and such application shall be deemed to be a request for a jury of six. . . ."

statute is discretionary, however, and does not create a right to have issues of fact tried by a jury in an equitable action. Once a party has requested the trial court to submit issues of fact to the jury on an equitable claim, the court has the power under § 52-218 to submit such issues to the jury. See *Meyers* v. *Cornwell Quality Tools, Inc.*, 41 Conn. App. 19, 26, 674 A.2d 444 (1996). Although no such application was presented in this case, that procedure nonetheless reflects the ability to involve juries in equitable matters under certain circumstances.

Second, we note that the "requirements for recovery of restitution are purely factual." *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 512, 802 A.2d 901 (2002). This litigation concerns compensation for the plaintiff's services. Our Supreme Court has "repeatedly held that courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described." (Internal quotation marks omitted.) *Shapero* v. *Mercede*, 262 Conn. 1, 9, 808 A.2d 666 (2002). Such determinations properly may be made by the jury. See *Presidential Capital Corp.* v. *Reale*, 231 Conn. 500, 510–12, 652 A.2d 489 (1994).

Finally, and perhaps most importantly, Connecticut appellate courts have repeatedly affirmed jury verdicts on unjust enrichment claims. See *Fink* v. *Golenbock*, 238 Conn. 183, 210, 680 A.2d 1243 (1996) ("jury found that both defendants . . . had been unjustly enriched"); *Franks* v. *Lockwood*, 146 Conn. 273, 277–78, 150 A.2d 215 (1959) ("[f]rom the facts, the jury could have concluded that . . . the enrichment was unjust" [citations omitted]); *Naughton* v. *Hager*, 29 Conn. App. 181, 184, 614 A.2d 852, cert. denied, 224 Conn. 920, 618 A.2d 527 (1992); *Burns* v. *Koellmer*, 11 Conn. App. 375, 385, 527 A.2d 1210 (1987) ("The court did not err in so charging the jury [on unjust enrichment charge]. The facts which could reasonably have been found by the

jury, based upon the evidence, are sufficient to uphold the plaintiff's verdict."); *Epstein* v. *Automatic Enterprises*, 6 Conn. App. 484, 485, 506 A.2d 158 (1986) (affirming jury verdict in favor of plaintiff on unjust enrichment count); *Johnson* v. *Ivimey*, 3 Conn. App. 392, 394, 488 A.2d 1275, cert. denied, 196 Conn. 811, 495 A.2d 279 (1985); see also *O'Brien* v. *Seyer*, 183 Conn. 199, 205, 439 A.2d 292 (1981) (case submitted to jury on quantum meruit basis).

This court has neither been presented with nor found any authority indicating that submission of an unjust enrichment claim to the jury is erroneous or impermissible. To agree with the defendant's assertion that an unjust enrichment claim "cannot legally be tried to a jury" would be effectively to eviscerate the legitimacy of those judgments. We decline that invitation. The court may submit to the jury an unjust enrichment claim in those circumstances in which it determines that the matter is one primarily legal in nature.

3

The defendant's challenge to the denial of its motion to open and to set aside the judgment is fatal for yet another reason. Irrespective of our determination that the claim for restitution in this case is a legal one, we find that the defendant waived the right to object on the ground that an unjust enrichment claim may never be tried to a jury.

Waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *McClain* v. *Manson*, 183 Conn. 418, 428, 439 A.2d 430 (1981). "It involves the idea of assent, and assent is an act of understanding. . . . The rule is applicable that no one shall be permitted to deny that he intended the natural consequences of his acts and conduct." (Internal quotation marks omitted.) *MacKay* v. *Aetna Life*

*Ins. Co.*, 118 Conn. 538, 547–48, 173 A. 783 (1934); *General Accident Ins. Co. of America* v. *Powers, Bolles, Houlihan & Hartline, Inc.*, 50 Conn. App. 701, 711–12, 719 A.2d 77 (1998), aff'd, 251 Conn. 56, 738 A.2d 168 (1999). "In order to waive a claim of law it is not necessary . . . that a party be certain of the correctness of the claim and its legal efficacy. It is enough if he knows of the existence of the claim and of its reasonably possible efficacy." *Jenkins* v. *Indemnity Ins. Co. of North America*, 152 Conn. 249, 257–58, 205 A.2d 780 (1964).

On July 20, 1995, the defendant claimed this matter to a jury. In neither his request to charge nor his supplemental request to charge did the defendant object to the submission of the unjust enrichment claim to the jury,[7] nor did he take exception to the charge as given by the court, which submitted the issue to the jury. Moreover, the defendant consented to the interrogatories presented to the jury without objection. "Consent to a jury trial of issues not triable by a jury as a matter of right need not be express. By merely failing to object to the submission of such issues to the jury, the parties agree that the jury's verdict has the same effect as if a right to a jury trial existed. . . ." 47 Am. Jur. 2d, Jury § 11 (1995); see also *State* v. *Ramos*, 201 Conn. 598, 604, 519 A.2d 9 (1986); *State* v. *Hersey*, 78 Conn. App. 141, 156, 826 A.2d 1183 (defendant "implicitly waived his right to challenge the court's charge"), cert. denied, 266 Conn. 903, 832 A.2d 65 (2003).

At no time during the trial did the defendant object to the jury's consideration of the unjust enrichment claim. Following the jury's verdict in favor of the plaintiff, the defendant filed a motion to open the judgment and to set aside the verdict, and for judgment notwithstanding the verdict, never asserting as a ground the

---

[7] In fact, paragraph one of the defendant's supplemental request to charge appears to encourage the submission of the claim to the jury.

claim he now makes that the jury was without authority to decide the unjust enrichment claim.

On appeal to this court and then to the Supreme Court, the defendant had ample opportunity to raise that specific claim. Yet, as the briefs submitted reflect, he never did so. Perhaps most telling is the fact that after the Supreme Court issued its decision, the defendant filed a motion for reconsideration.[8] Not a word addressed his objection. When before the trial court on remand, the defendant again remained silent as to his objection. In neither his memorandum of law in support of his objection to the plaintiff's postjudgment motions nor his reply memorandum of law did the defendant raise his objection.[9]

On December 28, 2001, almost seven years after commencement of the action, the court found that the plaintiff was entitled to offer of judgment and postjudgment interest, and costs and attorney's fees, and rendered judgment in favor of the plaintiff on the unjust enrichment count of the complaint. The defendant subsequently filed a motion to open and to set aside that judgment, arguing for the first time that the jury could not entertain the unjust enrichment claim. The court denied the motion.

From the commencement of his action to an audience before the highest court of our state, the defendant repeatedly failed to raise his objection. By his failure to do so, it was waived.[10] In *Pickel* v. *Automated Waste*

[8] That motion was denied on April 11, 2001.

[9] Rather than contesting the validity of the underlying judgment, both memoranda instead argue against an award of offer of judgment interest.

[10] The defendant asserts that his objection "cries out" for plain error review. "Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Corona*, 69 Conn. App. 267, 273–74, 794 A.2d 565, cert. denied, 260 Conn. 935, 802 A.2d 88 (2002). "[The] Plain Error Rule . . . cannot be used for the purpose of revoking an otherwise valid waiver. This is so because if there has been a valid waiver, there is no error

*Disposal, Inc.,* 65 Conn. App. 176, 180, 782 A.2d 231 (2001), we stated that "[w]e have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal." (Internal quotation marks omitted.) The court did not abuse its discretion in denying the defendant's motion to open and to set aside the judgment in this instance.

### B

The defendant also contends that the jury's verdict on his claim was rendered using an erroneous legal standard. In essence, the defendant argues that as the bad faith finding made by the jury was held unnecessary by the Supreme Court's decision in *Gagne* v. *Vaccaro,* supra, 255 Conn. 409–11, the presence of that finding renders the jury's verdict "unsound and invalid." We disagree.

As the defendant concedes in his brief, the trial court rejected that finding and set it aside. When the Supreme Court decided that no bad faith was required for recovery, it remanded the case to the trial court with direction to render judgment on the unjust enrichment count.

On remand, the trial court was bound by the law of the case doctrine.[11] That doctrine "expresses the

for us to correct." (Internal quotation marks omitted.) Id., 274. Because we find that the defendant waived his objection, plain error review does not apply.

[11] "The law of the case doctrine applies only to subsequent proceedings *in the same case.*" (Emphasis in original.) *Forte* v. *Citicorp Mortgage, Inc.,* 66 Conn. App. 475, 481, 784 A.2d 1024 (2001). Moreover, "it is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court." *Dacey* v. *Connecticut Bar Assn.,* 184 Conn. 21, 23, 441 A.2d 49 (1981).

practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power." (Internal quotation marks omitted.) *S.M.S. Textile Mills, Inc.* v. *Brown, Jacobson, Tillinghast, Lahan & King, P.C.*, 32 Conn. App. 786, 798, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982).

In *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 130–31, 788 A.2d 83 (2002), the court stated that "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Internal quotation marks omitted.) That rule, however, seemingly should apply only to trial court determinations. Here, the trial court was directed by the Supreme Court to render judgment for the plaintiff on the unjust enrichment count. Bound by the law of the case, the court had no choice but to comply with that directive. See *Dacey* v. *Connecticut Bar Assn.*, 184 Conn. 21, 23, 441 A.2d 49 (1981). There is no abuse of discretion.

## II

The defendant next claims the court improperly awarded the plaintiff offer of judgment interest. Specifically, he contends that as unjust enrichment is an " 'equitable remedy not available at law,' " offer of judg-

ment interest is not available under § 52-192a.[12] The defendant's claim raises an issue of statutory interpretation, which "involves a question of law and, thus, our review is plenary." *Poirier* v. *Zoning Board of Appeals*, 75 Conn. App. 289, 294, 815 A.2d 716, cert. denied, 263 Conn. 912, 821 A.2d 766 (2003).

Offer of judgment interest may be awarded pursuant to § 52-192a (a) in "any civil action based upon contract or seeking the recovery of money damages . . . ." Thus, the plaintiff here must recover money damages to implicate that statute. The defendant argues that the plaintiff was awarded the equitable remedy of restitution and not money damages.[13] We disagree.

We already have determined that the plaintiff's unjust enrichment claim was legal, not equitable, in nature.[14] In discussing available remedies, the Restatement of Restitution provides that "a claimant has an election to obtain *money damages at law* or to obtain specific restitution in equity . . . ." (Emphasis added.) Restatement (First), supra, introductory note, p. 10. In *Monarch Accounting Supplies, Inc.* v. *Prezioso*, 170 Conn. 659, 666, 368 A.2d 6 (1976), the court, citing the Restatement, concluded that "[a showing of unjust enrichment] entitles the plaintiff to an award of money damages." See also *Misisco* v. *La Maita*, supra, 150

---

[12] General Statutes § 52-192a (a) provides in relevant part: "After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may, not later than thirty days before trial, file with the clerk of the court a written 'offer of judgment' . . . offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. . . ."

General Statutes § 52-192a (b) provides in relevant part: "If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in the plaintiff's 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . ."

[13] The defendant did not seek an articulation of the court's ruling.

[14] See part I A 1.

Conn. 684 (awarding money damages on unjust enrichment claim); *United Coastal Industries* v. *Clearheart Construction Co.*, supra, 71 Conn. App. 512 (unjust enrichment a doctrine "allowing damages for restitution").

The defendant's reliance on *Lakeview Associates* v. *Woodlake Master Condominium Assn., Inc.*, 239 Conn. 769, 687 A.2d 1270 (1997), is misplaced, for in that case, the trial court "acknowledged that its judgment was in the form of an injunction . . . ." (Internal quotation marks omitted.) Id., 783. Likewise, the plaintiff in *Ravitch* v. *Stollman Poultry Farms, Inc.*, 162 Conn. 26, 27, 291 A.2d 213 (1971), sought, in addition to money damages, a decree that the land and buildings be impressed with a trust for the benefit of the plaintiff. No such additional relief is present in this case. Rather, the plaintiff sought and was awarded a money recovery. In *Dinapoli* v. *Cooke*, 43 Conn. App. 419, 682 A.2d 603, cert. denied, 239 Conn. 951, 686 A.2d 124 (1996), cert. denied, 520 U.S. 1213, 117 S. Ct. 1699, 137 L. Ed. 2d 825 (1997), we stated that the word "damages" means "a compensation in money for a loss or damage." (Internal quotation marks omitted.) Id., 427. That is precisely what the plaintiff recovered in this case. The court properly awarded the plaintiff offer of judgment interest on those money damages.

III

The defendant's final claim is that the court improperly granted the plaintiff's prejudgment remedy of attachment. The issue before us is whether, once an appeal has been filed, final judgment has been rendered. The defendant's claim raises an issue of statutory interpretation, which "involves a question of law and, thus, our review is plenary." *Poirier* v. *Zoning Board of Appeals*, supra, 75 Conn. App. 294.

General Statutes § 52-278a (d) defines a prejudgment remedy as "any remedy or combination of remedies

that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." Following the Supreme Court's remand, the plaintiff filed a prejudgment remedy application with the trial court and a hearing was held. Judgment was rendered for the plaintiff on December 28, 2001. In its memorandum of decision, the court deferred resolution of the prejudgment remedy issue until after the conclusion of a special proceeding. On May 28, 2002, the defendant filed this appeal. By order dated June 21, 2002, the court set the prejudgment remedy amount. The defendant argues that the prejudgment remedy statute is inapplicable because § 52-278a (d) allows a prejudgment remedy only "prior to final judgment . . . ."

The seminal trial court decision of *Brookfield* v. *Greenridge, Inc.*, 35 Conn. Sup. 49, 393 A.2d 1316 (1977), confronted that very argument. The court stated that the legislature in 1975 "enacted [General Statutes] § 52-278h which states that an application for prejudgment remedy may be filed '*at any time after* the institution of the action, and the forms and procedures provided therein shall be adapted accordingly.' . . . By that provision the legislature intended a broad expansion of the time in which a prejudgment remedy could be used." (Emphasis in original.) Id., 51.

The purpose of the prejudgment remedy statute is "to secure the defendants' assets, forestalling the dissipation thereof, while awaiting a final judgment." *Cahaly* v. *Benistar Property Exchange Trust Co.*, 73 Conn. App. 267, 277, 812 A.2d 1, cert. granted on other grounds, 262 Conn. 925, 814 A.2d 378 (2002). The term "final judgment" is not plain and unambiguous. *Capalbo* v. *Planning & Zoning Board of Appeals*, 208 Conn. 480, 486, 547 A.2d 528 (1988). As the court in *Brookfield*

explained: "To ascertain the intended meaning of 'final judgment' as it is used in the prejudgment remedy context the court must look to the purpose of the statute. . . . The purpose of the statute is to allow a plaintiff who can show probable cause that he will eventually succeed on the merits to encumber property of the defendant to protect himself from obtaining a judgment which cannot be satisfied. At the same time the statute seeks to protect the defendant from unreasonable encumbrances. It is as necessary to protect a plaintiff who has won at the trial level, when the final disposition of the case awaits appellate proceedings, as it is to protect that same plaintiff before trial. There is no reason to assume that the legislature intended, by using the phrase 'final judgment,' to deprive a plaintiff, who awaits final disposition of the case, of the protection afforded by this statute. . . . The court is of the opinion that a prejudgment remedy is available to a plaintiff who has won at the trial level and whose case is on appeal." (Citations omitted.) *Brookfield* v. *Greenridge, Inc.*, supra, 35 Conn. Sup. 51–52. For more than twenty-five years, Connecticut trial courts have agreed, consistently holding that a prejudgment remedy is available to a party who has won at the trial level and whose case is on appeal.[15]

---

[15] See *Federal Deposit Ins. Corp.* v. *Caldrello*, Superior Court, judicial district of New London, Docket No. 8951.1581 (February 6, 2002) (*Hon. Joseph J. Purtill*, judge trial referee); *Winsted Land Development Co.* v. *Design Collaborative Architects, P.C.*, Superior Court, judicial district of Litchfield, Docket No. 960071571S (October 20, 1999) (25 Conn. L. Rptr. 618) (*Frazzini, J.*) ("verdict may be a final judgment for some purposes, i.e., appeal, but not for others"); *Jacques All Trade Corp.* v. *Brown*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 90-0381618S (August 31, 1998) (22 Conn. L. Rptr. 581) (*Lavine, J.*); *Connecticut National Bank* v. *Giacomi*, Superior Court, judicial district of Waterbury, Docket No. 105860 (April 7, 1994) (11 Conn. L. Rptr. 351) (*Blue, J.*); *Coble* v. *Maloney*, Superior Court, judicial district of Waterbury, Docket No. 089843 (January 4, 1993) (8 Conn. L. Rptr. 136) (*Blue, J.*) (level of probable cause "certainly greater after trial").

Moreover, the only Connecticut appellate decision to consider that issue cites favorably to *Brookfield*. In *East Lyme* v. *Wood*, 54 Conn. App. 394, 400, 735 A.2d 843 (1999), the defendants claimed that because the underlying injunction action was not pending, the matter at issue was a postjudgment remedy, not a prejudgment remedy. We flatly rejected such a contention: "This claim has no merit. The case is still in court, and the town is seeking a determination of the amount that the defendants owe for property clearing. Until that determination is made, the town is entitled to a prejudgment attachment to secure any monetary order that may be rendered." Id. The present case was still in court and the plaintiff was still seeking a recovery of the amount the defendant owed when the application for the prejudgment remedy was filed. We therefore hold that a prejudgment remedy is available to a party who has prevailed at the trial level and whose case is on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.