******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LUCAS B. STONE ET AL. *v.* NORMAN A. PATTIS ET AL.
(AC 35970)

Gruendel, Sheldon and Borden, Js.

*Submitted on briefs May 21—officially released August 25, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Complex Litigation Docket, Brazzel-Massaro, J.)

*Lucas B. Stone*, self-represented, and *Joan L. Zygmunt*, self-represented, the appellants (plaintiffs), filed a brief.

*Robert C.E. Laney* and *Thomas J. Plumridge* filed a brief for the appellees (named defendant et al.).

*Kerry R. Callahan* and *Christopher A. Klepps* filed a brief for the appellees (defendant John J. Radshaw III et al.).

*Opinion*

GRUENDEL, J. The plaintiffs, Lucas B. Stone and Joan L. Zygmunt,[1] appeal from the judgment of the trial court granting in part a motion to strike, granting a motion to dismiss the action with respect to Stone, rendering summary judgment in favor of certain defendants, and denying their motion to reargue the denial of their motion for a default judgment. On appeal, they raise a bevy of claims challenging the propriety of those determinations. In addition, the plaintiffs allege judicial bias on the part of the trial judge and multiple constitutional violations. We conclude that the plaintiffs' claims are without merit and, accordingly, affirm the judgment of the trial court.

In 2003, the plaintiffs retained the defendants Norman A. Pattis and the Law Offices of Norman A. Pattis, LLC (Pattis defendants), as counsel in their federal action against the town of Westport (federal action). The defendants Thomas R. Gerarde, John J. Radshaw III, and Howd & Ludorf, LLC (Howd defendants) were retained as counsel by the town of Westport. "During the pendency of the federal action, the plaintiffs became dissatisfied with Pattis' representation, and they filed a grievance with the federal grievance committee. Pattis withdrew his appearance in the federal action, and the plaintiffs proceeded self-represented until they finally withdrew the federal action. At the time of the federal action and before Pattis' withdrawal, the Howd defendants hired Christy Doyle, who formerly had been an associate at Williams and Pattis, LLC.[2] The plaintiffs [claimed] damages arising out of these facts, but they have not alleged that Doyle had knowledge of the federal action while working for Williams and Pattis, LLC, or that she was involved with the federal action after being hired by the Howd defendants." *Stone* v. *Pattis*, 144 Conn. App. 79, 82, 72 A.3d 1138 (2013).

The plaintiffs commenced this civil action in 2009. Their original complaint alleged: breach of contract, breach of fiduciary duty, fraud, violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., negligent infliction of emotional distress, and malpractice against the Pattis defendants; tortious interference with a fiduciary relationship, abuse of process, fraud, breach of fiduciary duty, CUTPA violations, and negligent infliction of emotional distress against the Howd defendants; and conspiracy with respect to all defendants. The Howd defendants successfully moved to strike all counts directed against them, save for the negligent infliction of emotional distress claim. The Howd defendants then moved to dismiss that claim on the basis that the allegations in support thereof were predicated on communications protected by absolute immunity from suit. The court agreed and, in a comprehensive memorandum of decision, dismissed that claim for lack of subject matter

jurisdiction. This court affirmed the propriety of that judgment on appeal. Id., 100.

The plaintiffs amended their complaint on multiple occasions. Despite the holding of this court in *Stone* v. *Pattis*, supra, 144 Conn. App. 100, their sixth amended complaint again set forth a claim of negligent infliction of emotional distress against the Howd defendants. When the Howd defendants did not file a responsive pleading to that claim, the plaintiffs moved for a judgment of default. The Howd defendants filed an objection to that motion, in which they noted that the court previously had dismissed the action against them for lack of subject matter jurisdiction. The court agreed and, thus, denied the motion.

The action continued against the Pattis defendants, who successfully moved to strike the counts alleging statutory theft and violations of CUTPA. The court later granted the Pattis defendants' motion to dismiss the action with respect to Stone due to his repeated failure to comply with the court's orders to appear for a deposition. On May 28, 2013, the court rendered summary judgment in favor of the Pattis defendants on all remaining counts, concluding, inter alia, that those counts were barred by the applicable statute of limitations.

The plaintiffs then commenced this appeal, in which they challenged the court's decisions to (1) strike their statutory theft and CUTPA counts, (2) dismiss the action with respect to Stone, (3) render summary judgment in favor of the Pattis defendants, and (4) deny their motion for a default judgment against the Howd defendants. By order dated October 30, 2013, this court dismissed the plaintiffs' appeal with respect to the Howd defendants.

Approximately one month later, the plaintiffs filed with the trial court yet another motion for default against the Howd defendants. In that motion, the plaintiffs alleged that the Howd defendants had failed to file a response to their May 14, 2012 motion to reargue the court's denial of their motion for a judgment of default. On May 22, 2014, the trial court denied both the plaintiffs' May 14, 2012 motion to reargue and their December 2, 2013 motion for default. By order dated July 23, 2014, this court permitted the plaintiffs to file an amended appeal "limited to the May 22, 2014 denial of the motion to reargue."

In this appeal, the plaintiffs raise numerous claims assailing the judgment of the trial court in granting the motion to dismiss, motion to strike, and motion for summary judgment filed by the Pattis defendants. Those claims do not merit substantial discussion. On our review of the record before us, we conclude that the court properly granted those motions in accordance with Connecticut law. We likewise find unpersuasive

the plaintiffs' allegation of judicial bias on the part of Judge Brazzel-Massaro and their assertion that then Administrative Judge Lager improperly reassigned the present case to Judge Brazzel-Massaro upon her assignment to the Complex Litigation Docket in Stamford.

The plaintiffs also claim that the court improperly denied their May 14, 2012 motion to reargue the court's denial of their motion for a judgment of default. "Our standard of review regarding challenges to a trial court's ruling on a motion to reargue is abuse of discretion. . . . When reviewing a decision for an abuse of discretion, every reasonable presumption should be given in favor of its correctness. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Citation omitted; internal quotation marks omitted.) *Beeman* v. *Stratford*, 157 Conn. App. 528, 539, 116 A.3d 885 (2015).

By memorandum of decision dated April 6, 2011, the trial court dismissed the plaintiffs' negligent infliction of emotional distress claim against the Howd defendants on the ground of absolute immunity. On appeal, this court affirmed the propriety of that determination.[3] *Stone* v. *Pattis*, supra, 144 Conn. App. 100. For that reason, the plaintiffs' subsequent filing of an amended complaint alleging that very same cause of action against the very same defendants patently was improper. The trial court thus declined to render a default judgment against those defendants given that procedural history. Indeed, both the court and the parties were bound by the law of the case, as set forth in this court's earlier decision thereon. "The law of the case doctrine applies . . . to subsequent proceedings in the same case. . . . [I]t is a well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case . . . and is equally obligatory upon the parties to the action and upon the trial court." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 448 n.11, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). Because this court had already held that the trial court lacked subject matter jurisdiction over the plaintiffs' negligent infliction of emotional distress claim against the Howd defendants; *Stone* v. *Pattis*, supra, 95–100; the trial court could not render a default judgment in favor of the plaintiffs when their amended complaint once again recited that claim. The court properly denied the plaintiffs' motion for a judgment of default and further did not abuse its discretion in denying their motion to reargue that matter.

Lastly, the plaintiffs contend that the court, in exercising its discretion over various discovery and procedural matters, discriminated against Zygmunt on the basis of physical disability and also violated their right to due

process under the federal constitution.[4] The record belies those claims. On the facts of this case, we cannot conclude that the court, in exercising its discretion over such matters, discriminated against Zygmunt on the basis of physical disability. To the contrary, the record demonstrates that the court listened to her concerns and made accommodations to the extent feasible.[5]

Furthermore, the due process allegations advanced by the plaintiffs amount to little more than abstract assertions. They claim that the court (1) violated their "rights to obtain discovery" by refusing to default the Pattis defendants for alleged discovery abuses, (2) deprived them "of having answers to their complaint by both sets of defendants," (3) deprived them "of a trial by jury" by rendering summary judgment on certain claims in favor of the Pattis defendants, (4) deprived them of their right to be heard on certain motions, (5) deprived them of "their substantive right to amend their complaint to add new counts," and (6) deprived them "of an impartial judiciary." Yet the plaintiffs have offered no analysis of those bald allegations or citation to relevant authority. Equally significant, the plaintiffs have articulated no basis on which this court could conclude that the trial court's determinations amount to a denial of the right to due process. It is well established that "[w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. . . . Where the parties cite no law and provide no analysis of their claims, we do not review such claims." (Internal quotation marks omitted.) *Russell* v. *Russell*, 91 Conn. App. 619, 634–35, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005). We therefore decline to further consider the plaintiffs' due process claims.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We refer herein to Stone and Zygmunt jointly as the plaintiffs and individually, when necessary, by name.

[2] "Williams and Pattis, LLC, a predecessor entity of the Pattis defendants, is not named in the present action."

[3] As this court held: "We conclude, therefore, after reviewing the multitude of arguments the plaintiffs advance, that the allegations supporting their claim of negligent infliction of emotional distress are based on communications protected by absolute immunity from suit. See *Chadha* v. *Charlotte*

*Hungerford Hospital*, [272 Conn. 776, 787, 865 A.2d 1163 (2005)] ("[a]t common law, communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy" [internal quotation marks omitted]). The court did not err in granting the Howd defendants' motion to dismiss . . . ." *Stone* v. *Pattis*, supra, 144 Conn. App. 99–100.

[4] Although the plaintiffs also allege violations under our state constitution, they have provided no analysis thereunder. We thus deem any independent state constitutional claim abandoned. See *State* v. *Randolph*, 284 Conn. 328, 375 n.12, 933 A.2d 1158 (2007) ("We have repeatedly apprised litigants that we will not entertain a state constitutional claim unless the defendant has provided an independent analysis under the particular provisions of the state constitution at issue. . . . Without a separately briefed and analyzed state constitutional claim, we deem abandoned the defendant's claim." [Internal quotation marks omitted.]).

[5] For example, the court informed Zygmunt that she could "order a transcript if you need it" to address what she described as her "short term memory problems." Similarly, when Zygmunt requested that proceedings be held in a courtroom with "no fluorescent lights," the court explained that "we can't change the courtroom light. Unfortunately, I think they're all like this." The court nevertheless offered to "take breaks, and if you need a break, you just ask me. We'll have a break, that's fine. I'm not adverse to that."

————————————————